On respondent Dale Scofield's petition for attorney fees
filed December 3, 1981, costs and attorney fee allowed March 1, 1982

In the Matter of the Compensation of
Dale Scofield, Claimant.

NATIONAL FARMERS' UNION INSURANCE,
*Petitioner,*

*v.*

SCOFIELD et al,
*Respondents.*

(WCB 78-3310, 78-7638, CA A20339)

641 P2d 1131

Martin J. McKeown, Eugene, for petitioner.

Frank A. Moscato, Portland, filed a petition contra for respondent Employers Insurance of Wausau.

Before Thornton, Presiding Judge, and Warden and Young, Judges.

THORNTON, J.

## THORNTON, J.

This workers' compensation case is now before us on a petition for allowance of costs. In our opinion on the merits (54 Or App 804, 636 P2d 970 (1981), *former opinion adhered to as modified,* 55 Or App 820, 639 P2d 718 (1982), we expressly determined that National Farmers' Union Insurance was the prevailing party and that costs should be assessed against Employers Insurance of Wausau. Scofield, claimant and one of the original respondents, now seeks his costs and an attorney fee.

Ordinarily, a proceeding to determine which of two or more insurance carriers is responsible for an otherwise compensable injury pursuant to ORS 656.307 does not involve a denied claim entitling claimant to costs and an attorney fee under ORS 656.382(2) or ORS 656.386(1). *Hanna v. McGrew Bros. Sawmill,* 45 Or App 757, 609 P2d 422 (1980). However, Wausau contended, in addition, that claimant's claim was barred either by his alleged failure to give timely notice under ORS 656.265(1) or because there was no compensable aggravation proved. Claimant was required to appear and contest Wausau's contention that he was not entitled to compensation. Because he was required to defend his right to receive compensation benefits and because his compensation was not disallowed or reduced, he is entitled to costs and an attorney fee paid by Wausau. ORS 656.382(2). *Hanna v. McGrew Bros. Sawmill, supra.*

Costs and attorney fee allowed.