Argued and submitted May 24, affirmed December 4, 1985, reconsideration denied January 17, petition for review denied April 15, 1986 (300 Or 722)

In the Matter of the Compensation of
David R. Petshow, Claimant.

PETSHOW,
*Petitioner,*

*v.*

FARM BUREAU INSURANCE CO.,
*Respondent.*

(80-08903 & 81-00263; CA A33571)

710 P2d 781

Gary M. Galton, Portland, argued the cause for petitioner.

With him on the brief were Jill Backes, and Galton, Popick & Scott, Portland.

Larry Dawson, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board denying his request for an additional award of attorney fees against Farm Bureau Insurance Co. We affirm.

This case is before us for the second time. The facts are set forth in our previous opinion, *Petshow v. Ptld. Bottling Co.*, 62 Or App 614, 616-17, 661 P2d 1369 (1983), *rev den* 296 Or 350 (1984):

"Claimant injured his left hand on September 7, 1976, while working for Portland Bottling Company. [Liberty Mutual Insurance Company], the insurer, accepted the claim. In October, 1977, medical treatment involved the removal of a nerve from claimant's left ankle area and grafting of the nerve into the injured hand. Claimant experienced difficulty with his leg following the nerve transplant. Another surgery was performed on the leg in December, 1979, but some problems persisted. On July 17, 1980, while working for a new employer, J. D. Petshow (claimant's brother), claimant was helping herd a bull when his Achilles tendon ruptured.

"Claimant sought compensation from each employer on the basis that his condition was either a new injury or an aggravation of the original injury. Liberty commenced payment of temporary total disability (TTD). Farm Bureau Insurance Co. (Farm Bureau), the insurer for J. D. Petshow, did not accept or deny the claim and made no TTD payments. *See* ORS 656.262(6) (60 days to accept or deny); 656.262(4) (14 days to begin paying compensation after notice or knowledge of claim). On September 30, 1980, claimant requested a hearing concerning Farm Bureau's failure and sought compensation, penalties and attorney fees.

"On November 6, 1980, Farm Bureau made its first payment for TTD or 'interim compensation' covering the period roughly from the time of the injury to that date. Farm Bureau then sought a designation pursuant to ORS 656.307 as to which insurer should pay compensation. On January 5, 1981, the Compliance Division of the Workers' Compensation Department designated Farm Bureau the 'interim' paying party and 'referred * * * the issue of responsibility, including any necessary and monetary adjustments between the parties,' to the Hearings Division of the Board. On January 9, 1981, claimant filed a request for hearing on his aggravation claim against Liberty. On January 26, Liberty denied the

claim, and on February 26, Farm Bureau denied the new injury claim.

"The referee found claimant's condition to be an aggravation for which Liberty was responsible. He also found that Farm Bureau had neglected its statutory duty to pay 'interim compensation,' ordered that Farm Bureau pay compensation for the period of July 17 through December 26, 1980, and assessed a 25 percent penalty. He ordered that Liberty receive an offset of the amount of TTD that Liberty had paid between July 17 and December 26 against any eventual award of permanent partial disability. On July 17, 1981, the referee issued an order on reconsideration declaring that he had jurisdiction to order the TTD offset against claimant's future disability award. On review, the Board affirmed the referee." (Footnote omitted.)

There are additional facts pertinent to the issue of attorney fees. At the hearing, claimant requested an award of attorney fees from Farm Bureau on the basis of (1) numerous improprieties in its processing of the claim, (2) its failure to pay medical expenses, (3) its unreasonable denial of the claim and (4) its unreasonable resistance and delay in the payment of compensation. He also sought attorney fees from Liberty for its (1) failure to pay interim compensation, (2) failure to pay medical expenses and (3) unreasonable resistance, delay and refusal to pay compensation. The reimbursement for medical expenses claimant sought concerned his purchase of a pair of special shoes and travel expenses related to medical treatment.

The referee awarded claimant attorney fees of $250 against Farm Bureau "for litigation of this claim." He ordered Liberty to reimburse claimant for the shoes but not for the travel expenses. He also found that claimant was entitled to attorney fees from Liberty:

"Claimant's attorney is entitled to payment of attorney's fees on the respective denials issued by the carriers. I specifically conclude that claimant's role in this matter was not passive as might be implied in a .307 proceeding. Rather the nature of Liberty Mutual's denial raised the necessity for claimant and his attorney to take an active role in these proceedings which in fact was done. Therefore, I assess attorney's fees against Liberty Mutual Insurance Co. on the aggravation claim."

Liberty had stated in its denial that it was denying claimant's aggravation claim on the ground that he had sustained a new injury and had also stated that it had made an overpayment which it would seek to recoup. The referee ordered Liberty to pay $1,200 attorney fees for litigating the issues of "the denial and reimbursement for shoe expense and the question of temporary total benefits."

Claimant then petitioned for reconsideration, arguing that the referee lacked jurisdiction to allow Liberty to offset its overpayment against any future award of permanent partial disability and that he had erred in not ordering Liberty to reimburse him for his travel expenses. On reconsideration, the referee decided that he did have jurisdiction to order the offset. He also changed his earlier opinion and ordered that Liberty reimburse claimant for his medically related travel expenses. He awarded claimant an additional $200 in attorney fees for overcoming Liberty's denial of his claim for travel expenses.

Claimant petitioned for review by the Board, raising the issues of the offset and additional attorney fees from Farm Bureau. Liberty cross-petitioned and raised the issues of responsibility and the amount of attorney fees assessed against it. The Board affirmed the referee's opinion in all respects.

Claimant's petition for review by this court resulted in our decision in *Petshow v. Ptld. Bottling Co., supra.* We held that the referee and the Board had jurisdiction to order the offset and that the offset was proper. On Liberty's cross-petition for review, we held that claimant had suffered a new injury rather than an aggravation and that Farm Bureau was therefore the responsible insurer. In the light of that determination, we reversed the award of attorney fees against Liberty and remanded the case to the Board.

On remand, the parties litigated only the issue of attorney fees. Claimant requested that the Board order Farm Bureau to pay the $1,400 in attorney fees that Liberty formerly had been ordered to pay. Liberty conceded that it should pay the $200 fee awarded on the issue of travel expenses. Farm Bureau had already paid the $250 fee it had been ordered to pay as a result of its improper processing of claimant's claim. Thus, the question was whether claimant was entitled to

attorney fees against Farm Bureau for litigating the issue of responsibility between Farm Bureau and Liberty. The Board decided that he was not so entitled. Citing OAR 438-47-090(1),[1] the Board decided that no additional fees were justified, because claimant's attorney had not "actively and meaningfully participated" at the hearing on the responsibility issue. It cited earlier decisions in which it had interpreted that rule as requiring that the attorney take a position adverse to one of the potentially responsible insurers. *See, e.g., Robert Heilman,* 34 Van Natta 1487 (1982). Finding that claimant had not taken a position as to which of the two insurers was responsible, the Board concluded that he was not entitled to any additional attorney fees. Claimant seeks review of that decision.

We agree with the Board that claimant is not entitled to additional attorney fees from Farm Bureau. However, our analysis differs from the Board's.

■ An award of attorney fees in a workers' compensation case is proper only when expressly authorized by statute. *Forney v. Western States Plywood,* 297 Or 628, 686 P2d 1027 (1984); *Brown v. EBI Companies,* 289 Or 905, 618 P2d 959 (1980); *Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967). Claimant contends that he is entitled to attorney fees under ORS 656.386(1), because he finally prevailed on Farm Bureau's denied claim. ORS 656.386 provides:

"(1) In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals

---

[1] OAR 438-47-090(1) provides:

"(1) If a claimant hires an attorney after being advised by both carriers that:

"(a) the sole issue before the referee at a hearing is which of two carriers is responsible for the payment of compensation to claimant; and

"(b) an order has been issued pursuant to the provisions of ORS 656.307 designating one as the paying agent pending determination of the responsible party; and

"(c) the dispute is solely between them, that there is no question of the compensability of claimant's injury or illness, that any involvement of claimant would be solely as a witness, and that therefore it is not necessary that claimant be represented by an attorney,

"then the attorney will receive no fee unless he/she actively and meaningfully participates at the hearing in behalf and in defense of claimant's rights."

allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. * * *

"(2)   In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

■     Ordinarily, a proceeding pursuant to ORS 656.307 to determine which of two or more insurers is responsible for an otherwise compensable injury does not involve a denied claim entitling the claimant to attorney fees. *Nat. Farm. Ins. v. Scofield,* 56 Or App 130, 132, 641 P2d 1131 (1982). The rationale for an award of attorney fees is to compensate the claimant partially for the expense of obtaining compensation, *Bentley v. SAIF,* 38 Or App 473, 481-82, 590 P2d 746 (1979), especially when the claimant must overcome the insurer's wrongful denial of compensability. That rationale does not apply in the simple ".307 hearing," when the insurers concede that the claim is compensable. There is no question but that the claimant will receive compensation; the only issue is which insurer will pay. Although the claimant is a necessary party, he may elect to be, and usually is, merely a nominal party. *See* ORS 656.307(3). Unless the claimant takes a position concerning which of the insurers is responsible and actively litigates that point, his role in the hearing is merely that of a witness. An award of attorney fees in such a case would generally be inappropriate.

However, as this case demonstrates, not all .307 hearings are so simple. In appropriate situations, a claimant may be entitled to attorney fees for partcipation in such a hearing. For example, in *Hanna v. McGrew Bros. Sawmill,* 44 Or App 189, 605 P2d 724, *modified* 45 Or App 757, 609 P2d 422 (1980), we upheld an award of attorney fees under ORS 656.386(1) when the claimant was required to appear at the hearing to contest the insurer's contention that his claim was not enforceable, because he had not appealed that insurer's denial. Similarly, in *Nat. Farm. Ins. v. Scofield, supra,* we upheld a fee award under ORS 656.382(2),[2] when an insurer

---

[2] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the

contended that the claimant's claim was barred by his failure to file it timely or because he had not proven a compensable aggravation. In neither case was the claimant a nominal party. In both cases, an insurer took a position which threatened the claimant's right to compensation. An award of attorney fees was appropriate in both cases, because the claimants were required to appear to protect their rights to compensation.

■ The hearing in the instant case cannot accurately be described as a simple ORS 656.307 proceeding. Nevertheless, claimant is not entitled to additional attorney fees from Farm Bureau. Initially, the hearing was set to resolve the issues of responsibility and Liberty's right to recoup its overpayment. However, claimant requested that the issues surrounding the processing of his claim by both insurers be heard at the same time. Thus, responsibility was not the sole issue. The parties also litigated the issues of Liberty's right to recoup its overpayment and each insurer's improper processing of the claim. Farm Bureau has paid the fee awarded for its improper processing of the claim. The only other issue litigated with respect to Farm Bureau, for which claimant now seeks an additional fee, is the responsibility issue. However, claimant's attorney did not play a significant role in resolving that issue. Neither insurer contested compensability. Unlike the claimants in *Hanna* and *Scofield,* claimant was assured that he would receive compensation regardless of the outcome of the hearing. Indeed, claimant did not take a position as to which insurer was responsible. Furthermore, the transcript of the hearing reveals that the majority of his attorney's effort was directed toward the issues of Liberty's overpayment and each insurer's improper processing of the claim. Although he asked claimant some questions relevant to the responsibility issue, it was not necessary for him to do so, because the insurers' attorneys were present to develop the facts surrounding that issue.

Although it is literally true that claimant ultimately

Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

prevailed on a denied claim, he is not entitled to attorney fees for overcoming that denial. When, as here, the insurers concede compensability and only deny the claim on the basis of responsibility, the claimant will always prevail on one of the denied claims. We doubt that the legislature intended claimants to receive attorney fees in every .307 hearing, regardless of their attorneys' efforts on the responsibility issue. We conclude that claimant's participation at the hearing with respect to the responsiblity issue was nominal and that he is therefore not entitled to any additional attorney fees against Farm Bureau under ORS 656.386(1). Instead, this is one of the "all other cases" under ORS 656.386(2) in which a claimant must pay the attorney from the award of compensation.

Because we hold that claimant is not entitled to additional attorney fees under any statute, we need not address the issue of whether the Board incorrectly applied OAR 438-47-090(1) to the facts of this case.

Affirmed.