Argued and submitted May 14, affirmed October 8, 1986

In the Matter of the Compensation of
Steven G. Boyer, Claimant.
BOYER,
*Petitioner,*

*v.*

ARMSTRONG BUICK, INC. et al,
*Respondents.*

(84-05820 and 84-04491; CA A36881)

726 P2d 406

Robert D. Herndon, Gladstone, argued the cause for petitioner. With him on the brief was Ringle & Herndon, P.C., Gladstone.

Patric J. Doherty, Portland, argued the cause for respondents Nelson & Nelson Custom Body & Paint and Argonaut Insurance Co. With him on the brief were Ronald W. Atwood and Rankin, McMurry, VavRosky & Doherty, Portland.

John Casey Mills, Portland, waived appearance for respondents Armstrong Buick and Comstock Insurance Co.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of a Workers' Compensation Board order which affirmed a referee's order denying claimant's request for attorney fees. The issue is whether claimant is entitled to attorney fees when the sole issue at the hearing was which employer is responsible for claimant's worsened condition. We affirm.

The relevant facts are not in dispute. Up to November, 1982, claimant had no back difficulties. On November 24, 1982, and January 13, 1983, he suffered injuries to his low back while employed by Nelson & Nelson Custom Body & Paint. Those claims were closed without an award of permanent disability compensation.

In April, 1983, claimant started working for Armstrong Buick. On December 22, 1983, he was polishing the door of a car with an electric polisher when he felt a sharp pain in the same area of his back that was previously injured. Nelson & Nelson's insurer denied responsibility on the ground that claimant had suffered a new injury at Armstrong. Claimant requested a hearing on the denial. Armstrong's insurer denied responsibility on the ground that claimant had actually suffered an aggravation and requested a ".307" order. *See* ORS 656.307. Claimant also requested a hearing on Armstrong's denial. On May 25, 1984, a .307 order issued, designating Nelson & Nelson's insurer as the paying agent pending determination of responsibility.

The referee held Nelson & Nelson responsible for claimant's worsened condition but refused to award claimant attorney fees. The Board affirmed. As to the attorney fees issue, the Board stated:

> "In a responsibility case claimant is entitled to attorney fees if the attorney actively and meaningfully participated. OAR 438-47-090(1). Active and meaningful participation has been interpreted to mean that claimant advocated a position adverse to one of the employers/insurers and has prevailed. *Irwin L. Bacon,* 37 Van Natta 205, 208 (1985); *Robert Heilman,* 34 Van Natta 1487 (1982). Inasmuch as claimant did not advocate a position adverse to one of the employers/insurers he is not entitled to an attorney fee."

Claimant argues that the Board erred in applying

OAR 438-47-090(1) to this case, because claimant hired his attorney before the issuance of the .307 order.[1] Because the rule does not apply, claimant continues, and because ORS 656.386(1) mandates an award of attorney fees when a claimant has prevailed on a denied claim, the Board erred in denying claimant attorney fees. We conclude that, regardless of whether the Board incorrectly applied OAR 438-47-090(1) to this case, claimant is not entitled to attorney fees.

In *Petshow v. Farm Bureau Ins. Co.,* 76 Or App 563, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986), the Board decided that the claimant was not entitled to an award of attorney fees, because his attorney had not taken a position adverse to one of the potentially responsible insurers, citing OAR 438-47-090. The claimant sought review of that decision, contending that he was entitled to attorney fees under ORS 656.386(1), because he finally prevailed on Farm Bureau's denied claim. We stated:

> "An award of attorney fees in a workers' compensation case is proper only when expressly authorized by statute. *Forney v. Western States Plywood,* 297 Or 628, 686 P2d 1027 (1984) * * *.

> "Ordinarily a proceeding pursuant to ORS 656.307 to determine which of two or more insurers is responsible for an otherwise compensable injury does not involve a denied claim entitling the claimant to attorney fees. *Nat. Farm Ins. v. Scofield,* 56 Or App 130, 132, 641 P2d 1131 (1982). The rationale for an award of attorney fees is to compensate the claimant partially for the expense of obtaining compensation, *Bentley v. SAIF,* 38 Or App 473, 481-82, 590 P2d 746 (1979),

---

[1] OAR 438-47-090(1) provides:

"If a claimant hires an attorney after being advised by both carriers that:

"(a) the sole issue before the referee at a hearing is which of two carriers is responsible for the payment of compensation to claimant; and

"(b) an order has been issued pursuant to the provisions of ORS 656.307 designating one as the paying agent pending determination of the responsible party; and

"(c) the dispute is solely between them, that there is no question of the compensability of claimant's injury or illness, that any involvement of claimant would be solely as a witness, and that therefore it is not necessary that claimant be represented by an attorney,

then the attorney will receive no fee unless he/she actively and meaningfully participates at the hearing in behalf and in defense of claimant's rights."

especially when the claimant must overcome the insurer's wrongful denial of compensability. That rationale does not apply in the simple '.307 hearing,' when the insurers concede that the claim is compensable. There is no question but that the claimant will receive compensation; the only issue is which insurer will pay. Although the claimant is a necessary party, he may elect to be, and usually is, merely a nominal party. *See* ORS 656.307(3). Unless the claimant takes a position concerning which of the insurers is responsible and actively litigates that point, his role in the hearing is merely that of a witness. An award of attorney fees in such a case would generally be inappropriate.

"\* \* \* \* \*

"Although it is literally true that claimant ultimately prevailed on a denied claim, he is not entitled to attorney fees for overcoming that denial. When, as here, the insurers concede compensability and only deny the claim on the basis of responsibility, the claimant will always prevail on one of the denied claims. We doubt that the legislature intended claimants to receive attorney fees in every .307 hearing, regardless of their attorneys' efforts on the responsibility issue. We conclude that claimant's participation at the hearing with respect to the responsibility issue was nominal and that he is therefore not entitled to any additional attorney fees against Farm Bureau under ORS 656.386(1). Instead, this is one of the 'all other cases' under ORS 656.386(2) in which a claimant must pay the attorney from the award of compensation.

"Because we hold that claimant is not entitled to additional attorney fees under any statute, we need not address the issue of whether the Board incorrectly applied OAR 438-47-090(1) to the facts of this case."

As in *Petshow,* claimant did not take a position concerning which of the insurers was responsible and actively litigate that point; his participation at the hearing with respect to the responsibility issue was nominal. The Board did not err in denying attorney fees.

Affirmed.