Argued and submitted December 19, 1986, reversed and remanded for award of attorney fees and affirmed on cross-petition April 8, reconsideration denied July 24, petition for review pending 1987

In the Matter of the Compensation of
Pamela R. Stovall, Claimant.

STOVALL,
*Petitioner - Cross-Respondent,*

*v.*

SALLY SALMON SEAFOOD et al,
*Respondents - Cross-Respondents,*

*and*

HALLMARK FISHERIES et al,
*Respondents - Cross-Petitioners.*

(WCB 84-13447, 85-01254; CA A38730)

735 P2d 18

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs was Malagon & Moore, Eugene.

Jerald P. Keene, Portland, argued the cause for respondents - cross-respondents Sally Salmon Seafood and EBI Companies. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Paul L. Roess, Coos Bay, argued the cause for respondents - cross-petitioners Hallmark Fisheries and Liberty Northwest Insurance Corporation, Coos Bay. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

BUTTLER, P. J.

## BUTTLER, P. J.

In this Workers' Compensation case, claimant seeks insurer-paid attorney fees for prevailing finally against Hallmark before the Workers' Compensation Board on a claim for an occupational disease involving carpal tunnel syndrome. The Board declined to award fees, stating that claimant was a nominal party only. Hallmark cross-petitions, arguing that Sally Salmon Seafood should be responsible for the claim. In the alternative, Hallmark asserts that, if it is responsible, claimant should be equitably estopped from receiving benefits, because she provided misleading information concerning her health on her employment application.

We address the cross-petition first. Claimant first experienced pain and swelling in her hand while working at Sally Salmon as a crab shaker. She did not seek medical treatment or lose time from work, but treated herself at home. She left Sally Salmon on June 5, 1985, and, after an interim job shucking oysters, began work at Hallmark on June 28, 1985, as a cod scraper. Between the jobs at Sally Salmon and Hallmark, she had no symptoms and did not seek medical treatment. After two weeks at Hallmark, she began to experience pain and swelling in her hand again and consulted Dr. Smith, who diagnosed carpal tunnel syndrome.

Hallmark contends that claimant's exposure while working for it merely activated the symptoms of a condition that was caused by the work at Sally Salmon but did not contribute to the underlying condition. Dr. Melson examined claimant at Sally Salmon's request and concluded that her condition arose as a consequence of her work at Sally Salmon but that the work at Hallmark resulted in the need for surgery:

> "I feel that her carpal tunnel syndrome first made its clinical appearance while she was working at Sally Salmon Seafood, and was exacerbated by her activities at Hallmark Fisheries, resulting in need for surgical intervention."

We read Melson's report to mean that claimant would not have required surgery had she not worked at Hallmark. The working conditions at both employers could have caused the disease; however, claimant did not become disabled until she sought medical treatment while working at Hallmark. The Board properly assigned responsibility to Hallmark for the cumulative effect of the exposures at the two employments.

*Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982).

∎ When claimant completed her employment application with Hallmark, she represented that she had not suffered any previous hand, wrist or arm trouble. She admitted at the hearing that that statement was false. Hallmark asserts that it should be entitled to raise "estoppel by conduct" as an affirmative defense to responsibility for the claim, because it relied on claimant's representation concerning her health in hiring her and would not have hired her had she provided the correct history of her hand problem. Although claimant was less than candid, she had not sought medical treatment for her condition or lost any work as a result of it. We are not persuaded that, even if equitable estoppel is applicable in the Workers' Compensation context to free an employer of responsibility for a work-related condition, it would be appropriate to invoke it here.

∎ On claimant's petition, we conclude that she is entitled to attorney fees for prevailing finally on her claim against Hallmark. No paying agent was designated under ORS 656.307.[1] Although neither employer questioned the compensability of the carpal tunnel syndrome at the hearing, if Hallmark had been successful in its estoppel "defense," claimant would not have been entitled to compensation from either employer. She actively participated in the proceedings and was justified in doing so to protect her right to compensation. She prevailed finally before the Board on her claim against Hallmark and, for that reason, is entitled to attorney fees under ORS 656.386(1), payable by Hallmark. *Petshow v. Farm Bureau Ins. Co.,* 76 Or App 563, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986); *see* OAR 438-47-090(1).

On the petition, reversed and remanded for an award of attorney fees; affirmed on cross-petition.

---

[1] Hallmark requested an order under ORS 656.307, but none was issued, presumably because Sally Salmon contested the compensability of the claim until the time of the hearing.