Argued and submitted February 17, on petition, order amended to allow attorney fees at Board level; affirmed on cross-petition April 22, 1987

In the Matter of the Compensation of
Timothy W. Evans, Claimant.

EVANS,
*Petitioner - Cross-Respondent,*

*v.*

ROOKARD, INC. et al,
*Respondents - Cross-Petitioners,*

MITCHELL & SONS LOGGING et al,
*Respondents - Cross-Respondents.*

(WCB 85-01835 and 85-01838; CA A38729)

735 P2d 662

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Jerald P. Keene, Portland, argued the cause for respondents - cross-petitioners EBI Companies and Rookard,

Inc. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

John Snarskis, Portland, argued the cause and filed the brief for respondents - cross-respondents Mitchell & Sons Logging and Industrial Indemnity.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

In this workers' compensation case, claimant seeks review of a Board decision which refused to honor the parties' stipulation that, in the event that EBI was held to be responsible for the claim, it would pay claimant attorney fees of $700 for his attorney's participation at the hearing. EBI cross-petitions, challenging the Board's holding that it, and not Industrial Indemnity, is responsible for the claim.

■     We affirm on the cross-petition. The medical evidence persuades us that claimant's knee condition is the responsibility of EBI as an aggravation of an earlier compensable injury and is not a new injury which would justify a shifting of responsibility to the subsequent employer.

■     EBI made the fees stipulation pending review by the Board on the question of responsibility, and stands by that stipulation. The Board reasoned that it was not bound because, as a matter of law, claimant would not be entitled to insurer-paid attorney fees in a case where the only issue is responsibility and claimant did not participate meaningfully in the hearing. Whether or not claimant would have been entitled to an award for his participation in the hearing under the pertinent law, EBI agreed that he did participate meaningfully and was entitled to attorney fees if he prevailed against it. It was not for the Board to question the parties' agreement.

On petition, the Board order is amended to allow $700 in attorney fees at the Board level; affirmed on cross-petition.