Argued and submitted January 26, affirmed on petition for review, reversed on cross-petition and remanded for determination of attorney fees May 20, 1987

In the Matter of the Compensation of
Stanley C. Phipps, Claimant.

STATE ACCIDENT INSURANCE
FUND CORPORATION et al,
*Petitioners - Cross-Respondents,*

*v.*

PHIPPS,
*Respondent - Cross-Petitioner,*
INDUSTRIAL INDEMNITY et al,
*Respondents - Cross-Respondents.*

(WCB Nos. 84-01838 and 84-02301; CA A38833)

737 P2d 131

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioners - cross-respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

James S. Coon, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Aitchison, Imperati, Barnett & Sherwood, P.C., Portland.

John E. Snarskis, Portland, argued the cause and filed the brief for respondents - cross-respondents.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

SAIF seeks review of a Workers' Compensation Board order which reversed the referee's determination that claimant had suffered a new injury and assigned SAIF responsibility for claimant's back condition. SAIF argues that, even though there is "no question [but] that there has been an aggravation in the medical sense," claimant did not suffer an aggravation in the "legal sense." SAIF contends that the Board misunderstood and misapplied the rules governing successive injuries. We disagree and affirm.

■■ Claimant first compensably injured his back in 1979 while employed as an electrician by American Ship Dismantlers, SAIF's insured. After the 1980 award of compensation, low back pain continued; there were periods of hospitalization as well as periods of relief. Claimant was working as a maintenance man for Amber Foods Corporation in September, 1983, when he picked up a machine part weighing 75-100 pounds and felt "something pop" in his back. He continued to work for about a week, but the pain then became too debilitating. As SAIF concedes, the four doctors who testified all concluded that claimant has suffered an aggravation by reason of disabling symptoms of his underlying compensable condition. None of the doctors suggested that the September, 1983, incident contributed independently to claimant's low back disability. Without that contribution, the first employer remains liable. *Hensel Phelps Const. v. Mirich,* 81 Or App 290, 724 P2d 919 (1986).[1]

Claimant also seeks review of the Board's order, because it determined that he was only a nominal party at the hearing and on Board review and that he is therefore not entitled to attorney fees. The Board relied on *Petshow v. Farm Bureau Ins. Co.,* 76 Or App 563, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986), which involved a proceeding to determine which insurer was responsible for a compensable injury. We

---

[1] In *Hensel Phelps Const.* we said: "If worsened symptoms alone were enough to place responsibility on the second employer, then the first employer would never be responsible.* * * There must be a worsening of the underlying condition." 81 Or App at 294. The last sentence is correct in its context but is misleading as a general rule. A disabling worsening of the underlying condition *or* a disabling worsening of the symptoms of that condition is an *aggravation. See Consolidated Freightways v. Foushee,* 78 Or App 509, 717 P2d 633, *rev den* 301 Or 338 (1986). The issue of independent contribution relates to whether there is a *new injury.*

concluded that "unless the claimant takes a position concerning which of the insurers is responsible and actively litigates that point," an award of attorney fees is inappropriate. 76 Or App at 569.

■ This case also arose from a proceeding to determine responsibility between two insurers, but claimant took the position at the hearing and on Board review that he had suffered an aggravation, not a new injury. Claimant's stake in the outcome of that determination amounts to $120 more per week for time loss over a long period of time. Claimant's attorney participated in the proceeding and also filed a brief before the Board. We conclude that claimant is entitled to attorney fees. ORS 656.386.

Affirmed on petition for review; reversed on cross-petition and remanded for determination of attorney fees payable by SAIF.