Submitted on petitioner - cross-respondent's petition for attorney fees filed June 29, and on respondents - cross-respondents' response to petition for attorney fees filed July 7, former opinion filed June 17 (86 Or App 9, 737 P2d 977), petition for attorney fees denied October 21, 1987

In the Matter of the Compensation of
Carl A. Anfora, Claimant.

ANFORA,
*Petitioner - Cross-Respondent,*

*v.*

LIBERTY COMMUNICATIONS et al,
*Respondents - Cross-Petitioners,*

*and*

CABLE COMMUNICATIONS et al,
*Respondents - Cross-Respondents.*

(WCB 85-03807, 85-03808, 85-06955, 85-06956; CA A40575)

744 P2d 265

Roger Ousey and Bischoff & Strooband, P.C., Eugene, for petition.

Lydia E. Duncan and Kevin L. Mannix, P.C., Salem, for response.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this workers' compensation proceeding under ORS 656.307 to determine which of two employers is responsible for claimant's back condition, claimant petitioned and Liberty Communication cross-petitioned for judicial review of a Board decision holding that claimant had suffered an aggravation of a 1982 compensable injury sustained at Liberty. We reversed the Board and reinstated the referee's determination that claimant had suffered a new injury while working for Cable Communications (Cable). 86 Or App 9, 737 P2d 977 (1987). In his present petition, claimant asserts that, pursuant to ORS 656.382(2) and ORS 656.386(1), he is entitled to attorney fees payable by Cable, because he participated in the proceeding on review and succeeded in establishing here that he had suffered a new injury for which Cable is responsible.

Because Cable did not seek judicial review, this case does not fall within ORS 656.382(2),[1] which allows for attorney fees against an employer or insurer who initiates an appeal. *See Shoulders v. SAIF,* 300 Or 606, 609, 716 P2d 751 (1987).

Claimant is entitled to attorney fees under ORS 656.386(1)[2] if he finally prevailed on review "from an order or decision denying the claim for compensation." *Shoulders v. SAIF, supra,* 300 Or at 611. We have usually held that our review of a proceeding which decided only a question of responsibility is not review of "an order or decision denying the claim," because the claimant's right to compensation has not been affected. *Petshow v. Farm Bureau Ins. Co.,* 76 Or App

---

[1] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

[2] ORS 656.386(1) provides, in part:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney."

563, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986). We have made exceptions and awarded fees under either ORS 656.382(2) or ORS 656.386(1), however, when, as a result of some technical challenge by the employer, a claimant has been required to appear and participate in order to avoid a loss of compensation. *See Stovall v. Sally Salmon Seafood,* 84 Or App 612, 615, 735 P2d 18, *rev allowed* 304 Or 240 (1987); *Nat. Farm Ins. v. Scofield,* 56 Or App 130, 641 P2d 1131 (1982); *Hanna v. McGrew Bros. Sawmill,* 44 Or App 189, 605 P2d 724, *mod* 45 Or App 757, 609 P2d 422 (1980). This is not such a case.

Although claimant may have initiated review in order to secure an extended period during which he would have aggravation rights and, in fact, succeeded in that objective, at no time was his right to compensation on the present claim at risk. We conclude, for that reason, that ORS 656.382(2) does not entitle him to attorney fees for prevailing against Cable on review.

Petition for attorney fees denied.