Argued and submitted November 6, 1987, reversed as to attorney fees award, otherwise affirmed March 9, reconsideration denied June 10, petition for review denied July 6, 1988 (306 Or 156)

In the Matter of the Compensation of
Donald E. Geddes, Claimant.

WILSON et al,
*Petitioners,*

*v.*

GEDDES et al,
*Respondents.*

(WCB 83-11452, WCB 83-12221,
WCB 83-12222, WCB 83-00025,
WCB 85-21111, WCB 85-02112; CA A42025)

750 P2d 1182

Craig A. Staples, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, Portland.

John E. Uffleman, Hillsboro, argued the cause and filed the brief for respondent Donald E. Geddes.

Lin Zimmerman, Portland, argued the cause for respondents Kenny Morgan/Kenny's IGA and EBI Companies. On the brief was Randy G. Rice, Portland.

Allan M. Muir, Portland, argued the cause for respondents Armintrout/QFM Thriftway and Fremont Indemnity/U.G. Insurance. With him on the brief were Roger A. Luedtke and Schwabe, Williamson & Wyatt, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

* Joseph, C. J., *vice* Young, J., deceased.

## WARDEN, P. J.

Petitioners seek review of a Workers' Compensation Board order that found Wilson's IGA responsible for claimant's disability and awarded attorney fees to claimant. On *de novo* review, we agree with the Board that Wilson's IGA is responsible, because claimant's work there independently contributed to his disability.[1]

Petitioners also challenge the award of attorney fees to claimant on the responsibility issue, contending that claimant is only a nominal party and not entitled to attorney fees for the hearing which was conducted under ORS 656.307.[2] Although attorney fees are ordinarily not recoverable by a claimant in a responsibility proceeding, *Petshow v. Farm Bureau Ins. Co.,* 76 Or App 563, 569, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986), he may be entitled to attorney fees if he is "required to appear and participate to avoid a loss of compensation." *Anfora v. Liberty Communications,* 88 Or App 30, 33, 744 P2d 265 (1987). Here, all three insurers conceded the compensability of the claim, and claimant's right to compensation was not in jeopardy.[3] Furthermore, claimant's attorney participated with respect to the responsibility issue, at the request of counsel for the insurers, only because the factual background to be elicited through claimant's answers to his attorney's questions would be identical to that required for claimant's permanent partial disability claim, which was being considered in the same proceeding.[4] Claimant's attorney

---

[1] Detailing the facts of this case would not aid the Board or the Bar. *See Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149, *rev den* 284 Or 521 (1978).

[2] Hearings are held under ORS 656.307 when responsibility, but not compensability, for a claimant's disability is at issue. Or Laws 1987, ch 713, § 5, amended ORS 656.307(5) to provide, in relevant part:

"If the claimant appears at [a hearing held under ORS 656.307] and actively and meaningfully participates through an attorney, the arbitrator may require that a reasonable fee for the claimant's attorney be paid by the employer or insurer determined by the arbitrator to be the party responsible for paying the claim."

The amendment became effective January 1, 1988, and is not applicable here.

[3] Claimant's contention that Wilson's IGA did not admit compensability is not supported by the record. Wilson's IGA consistently asserted that claimant's disability resulted from an aggravation of a compensable injury that had occurred four years earlier at QFM Thriftway.

[4] Counsel for the insurers acquiesced in the participation of claimant's attorney after being expressly warned by the referee that such participation would be considered in awarding attorney fees. Their acquiescence, however, cannot be construed as a stipulation that claimant was entitled to attorney fees. *Cf. Evans v. Rookard,* 85 Or App 213, 735 P2d 662 (1987) (enforcing insurer's stipulation that it would pay attorney fees to claimant if claimant prevailed against it in responsibility hearing).

therefore did not participate meaningfully with respect to the responsibility issue. Claimant is not entitled to attorney fees for the responsibility proceeding.

Reversed as to award to claimant of attorney fees for responsibility hearing; otherwise affirmed.