Argued and submitted November 13, 1987, affirmed on petition and on cross-petition July 6, 1988

In the Matter of the Compensation of
Howard J. Hunt, Claimant.

HUNT,
*Petitioner - Cross-Respondent,*

*v.*

GARRETT FREIGHTLINERS et al,
*Respondents - Cross-Petitioners,*

*v.*

FARMERS INSURANCE,
*Respondent - Cross-Respondent.*

(WCB 83-06115, 83-06552; CA A42731)

756 P2d 1275

J. Michael Casey, Portland, argued the cause for petitioner - cross-respondent. With him on the brief was Doblie & Associates, Portland.

Jerry K. Brown, McMinnville, argued the cause for respondents - cross-petitioners. With him on the brief was Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

Jerald P. Keene, Portland, argued the cause for respondent - cross-respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this workers' compensation case, claimant seeks review of the Board's order which denied his request for insurer-paid attorney fees on the ground that his participation at the hearing was nominal only. Employer and its present insurer, Transport Insurance Company, cross-petition, asserting that the Board incorrectly affirmed the referee's determination that Transport Insurance Company and not Farmers Insurance is responsible for claimant's back condition. We affirm on the petition and on the cross-petition and write only to explain why there is no basis for insurer-paid attorney fees.

Although Farmers originally denied compensability on the claim, shortly thereafter both insurers entered into a stipulation agreeing to an order under ORS 656.307, indicating that responsibility was the only issue and designating one of the insurers as the paying agent. There is no indication, after the issuance of that order, that either insurer contested the compensability of the back claim. At the hearing, the parties, including claimant, agreed with the referee that the only issue was whether the back condition was a new injury or an aggravation. Claimant's attorney acknowledged that, although claimant's position was that the most recent insurer was responsible, the case was a contest between two insurance companies, and he was present only to protect his client's "rights."

The hearing record shows that claimant's attorney participated to establish that Transport Insurance Company was the responsible insurer. However, claimant's right to compensation was never at risk. For that reason, there is no basis for an award of insurer-paid attorney fees. *See Wilson v. Geddes,* 90 Or App 64, 750 P2d 1182 (1988); *Anfora v. Liberty Communications,* 88 Or App 30, 744 P2d 265 (1987); *Petshow v. Farm Bureau Ins. Co.,* 76 Or App 563, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986).

Affirmed on petition and on cross-petition.