Argued and submitted February 19, 1988, reversed and remanded on petition; affirmed on cross-petition January 11, 1989

In the Matter of the Compensation of
Karen J. Bates, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents - Cross-Respondents,*

*v.*

BATES,
*Petitioner - Cross-Respondent,*

AETNA CASUALTY COMPANY et al,
*Respondents - Cross-Petitioners.*

(WCB 85-15422, 85-15423; CA A43316)

767 P2d 87

William E. McCann, Bend, argued the cause and filed the briefs for petitioner - cross-respondent.

Mark Ward, Eugene, argued the cause for respondents - cross-petitioners. On the brief was Brian L. Pocock, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents - cross-respondents. With

him on the brief were Dave Fronhmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant petitions for review of the portion of a Workers' Compensation Board order that denied her attorney fees before the Board. Regina's Restaurant (Regina's) cross-petitions for review of the portion of the order that held that it is responsible for an aggravation of claimant's condition. On the petition, we reverse and remand; on the cross-petition, we affirm.

In February, 1985, claimant suffered a muscle tear in her neck and shoulder while she was employed at Regina's, insured by Aetna. In April, 1985, she began to work at Telecomm Systems (Telecomm) answering telephones. SAIF was its carrier. At Telecomm, claimant was required frequently to reach with both of her arms. There was no specific incident at Telecomm, but her pain increased. She quit on September 13, 1985.

Claimant filed an aggravation claim against Regina's, which denied responsibility, but not compensability, on the ground that claimant's activities at Telecomm were responsible for her condition. Claimant also filed a claim against Telecomm, which denied it on several grounds:

> "[W]e are unable to accept responsibility for any treatment and/or disability in connection with your current condition. Insufficient evidence exists to justify a contention that your condition is the result either of an injury or a disease precipitated by your occupational exposure at Telecomm Systems.
>
> "Further, you have indicated that your injury occurred on February 7, 1985, which is prior to your employment at Telecomm. Therefore, you were not a subject worker of Telecomm Systems at the time of your injury.
>
> "Furthermore, the law allows us to pay benefits only if the worker reports the injury to his employer within 30 days. You did not report your injury within the time limits provided by law nor have you given any good excuse for your failure to report your injury."

Because the claim was denied on both the grounds of compensability and responsibility, the Workers' Compensation Department denied Regina's request for an order under ORS 656.307.

The referee found that claimant's employment at

Telecomm aggravated the symptoms of her injury at Regina's but did not worsen her underlying condition. She held Regina's responsible and set aside its denial. She approved Telecomm's denial but assessed a 25 percent penalty, because she found that its assertion, in support of its denial, that claimant did not file the claim timely was unreasonable and delayed payment of compensation to claimant. She also ordered that Regina pay $1,200 to claimant's attorney for his services at the hearing. Regina requested Board review; Telecomm did not.

The Board affirmed the portions of the referee's order that found Regina's responsible, but modified the portion respecting attorney fees before the referee. It stated that Telecomm's denial prevented the issuance of an order under ORS 656.307 because, by asserting that the claim was not filed timely, it put compensability as well as responsibility in issue. It concluded that that denial justifiably prompted claimant's active participation at the hearing before the referee. Accordingly, the Board ruled that Telecomm, and not Regina's, was responsible for attorney fees awarded before the referee, but that $600, not $1,200, was reasonable. The Board, however, also ruled that, because "claimant's entitlement to compensation was not at issue on Board review, no attorney fee is awarded." *See Karen J. Bates,* 39 Van Natta 100 (1987).

Regina's again asserts that it is not responsible for claimant's compensation. With respect to attorney fees, it states:

> "We have never contended this claim was not compensable. Claimant was bound to prevail. The Board agreed with our contentions in that regard. It does not appear that claimant is contending that we are responsible for attorney fees."

Telecomm did not petition or cross-petition for review of any aspect of the Board's order,[1] and its brief says nothing about attorney fees. It asserts here that it is not responsible and that Regina's is.

The Board erred when it denied claimant insurer-

---

[1] Telecomm initially filed a petition for review of the portion of the Board's order that required it to pay attorney fees for claimant's attorney before the referee. It then dismissed its petition.

paid attorney fees for services at the Board level. Telecomm argued to the Board:

"Claimant filed a claim of injury specifying a date of injury of February 7, 1985. * * * The claim was made November 19, 1985. * * * The claim was denied for three reasons. First, because there was insufficient evidence to show any causal relationship between the injury or disease from claimant's occupation or exposure at Telecomm Systems. Second, that claimant was not a subject worker at the time of the claimed injury, and third that the claim was not timely filed. * * *

"Thus, this is not simply a 'responsibility' case. Claimant must establish, as against Telecomm, that the major cause of her disability is her work exposure at Telecomm. There is absolutely no evidence which would carry that burden. Further, claimant did not file a claim stating an occupational disease, but rather specifying an injury which occurred before she was an employee of Telecomm. Claimant was not employed by Telecomm in February, and so the denial was proper. The claim was not filed within 30 days of the injury, and so the denial was proper. The claim for occupational disease is not sustained by the medical evidence, and the denial was proper. It is not SAIF Corporation's obligation to try and [sic] guess which ultimate theory claimant might ultimately prevail upon. Claimant made her claim, and SAIF Corporation responded to the claim as framed by claimant's own filing."

If Telecomm had successfully argued that the claim against it was not timely filed, and if claimant had suffered a "new injury" at Telecomm and not an aggravation of her injury at Regina's, claimant might not have been entitled to compensation from either employer. Claimant was justified in actively participating before the Board to protect her right to compensation. She is entitled to insurer-paid fees. ORS 656.382(2);[2] *see Stovall v. Sally Salmon Seafood,* 84 Or App 612, 735 P2d 18 (1987), *aff'd* 306 Or 25, 757 P2d 410 (1988);

---

[2] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

*Petshow v. Farm Bureau Ins. Co.*, 76 Or App 563, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986); *Nat. Farm. Ins. v. Scofield*, 56 Or App 130, 641 P2d 1131 (1982).[3]

Regina's is responsible for claimant's attorney fees before the Board. ORS 656.382(2). It initiated the request for Board review, and the Board did not disallow or reduce claimant's award. Review of the referee's order included her ruling upholding Telecomm's denial. Accordingly, Regina's request for review put compensability as well as responsibility in issue, placed claimant at risk and justified her active participation before the Board.

Reversed and remanded on the petition to determine claimant's insurer-paid attorney fees; affirmed on the cross-petition.

---

[3] Indeed, after its decision in this proceeding, the Board stated:

"We have previously held that when compensability is merely a potential issue on Board review, claimant is not entitled to an attorney fee. *See Wayne A. Hawke,* 39 Van Natta 31 (1987); *Karen J. Bates,* 39 Van Natta 100 (1987). Thus, to the extent the reasoning expressed in those cases is contrary to this holding, that reasoning is rejected." *Robert L. Montgomery,* 39 Van Natta 469 (1987).