Argued and submitted November 13, 1989, affirmed on petition; reversed and remanded on cross-petition for further proceedings January 17, 1990

In the Matter of the Compensation of
Larry K. Rose, Claimant.

MERCER INDUSTRIES et al,
*Petitioners - Cross-Respondents,*

*v.*

ROSE,
*Respondent - Cross-Petitioner,*
*and*

AMERICAN BUILDING MAINTENANCE et al,
*Respondents - Cross-Respondents.*

(86-16120, 86-03158; CA A51112)

785 P2d 385

Patric J. Doherty, Portland, argued the cause for petitioners - cross-respondents. With him on the brief were E. Kimbark MacColl and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

Karen M. Werner, Eugene, argued the cause and filed the brief for respondent - cross-petitioner.

Eric Roland Miller, Portland, argued the cause for respondents - cross-respondents. With him on the briefs was Terrall & Miller, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Mercer Industries seeks review of an order of the Workers' Compensation Board that assigned responsibility to it for claimant's condition. Claimant seeks cross-review of the Board's order that he was not entitled to employer paid attorney fees. We affirm without discussion on the petition[1] and reverse on the cross-petition.

Claimant initiated a hearing under *former* ORS 656.307 to determine whether American Building Maintenance (American) or Mercer was responsible for claimant's disability. Both employers agreed that claimant was entitled to compensation but disputed which was responsible for his present condition. Claimant took the position that his most recent employer, Mercer, was responsible on the ground that he had suffered a new injury. A finding that Mercer was responsible would entitle claimant to a higher time-loss rate and, in turn, greater compensation. The referee assigned responsibility to American and denied attorney fees to claimant. On review, the Board assigned responsibility to Mercer but refused to award attorney fees to claimant. The Board stated that *SAIF v. Phipps,* 85 Or App 436, 737 P2d 131 (1987), had been overruled *sub silentio* by subsequent cases and, instead, relied on *Short v. SAIF,* 305 Or 541, 546-47, 754 P2d 575 (1988), as support for its denial of fees. In *Phipps* and *Petshaw v. Farm Bureau Ins. Co.,* 76 Or App 563, 569, 710 P2d 781, *rev den* 300 Or 722 (1986), we held that the test to determine if attorney fees should be awarded is whether claimant's attorney "actively litigated" the issue of responsibility.

*Short v. SAIF, supra,* holds that there is no statutory provision for circuit court review of the Board's determination of attorney fees when the only compensation issue is the extent of disability, rather than whether a claimant's condition was caused by an industrial injury. We do not read *Short* to overrule *SAIF v. Phipps, supra, sub silentio.* The Board also cited *Cascade Corporation v. Rose,* 92 Or App 663, 759 P2d 1127 (1988); *Hunt v. Garrett Freightliners,* 92 Or App 40, 756 P2d 1275 (1988); *Wilson v. Geddes,* 90 Or App 64, 750 P2d 1182, *rev den* 306 Or 156 (1988); and *Anfora v. Liberty Communications,* 88 Or App 30, 744 P2d 265 (1987), for its conclusion

---

[1] Detailing the facts that the Board relied on would not aid the Board or the bar. There is substantial evidence to support the Board's decision.

that *Phipps* had been overruled. To the contrary, those cases apply *Phipps* and *Petshaw,* and the only differences are factual. *Phipps* remains authoritative. *See also Dilworth v. Weyerhaeuser Co.,* 95 Or App 85, 92, 767 P2d 484, *rev den* 307 Or 658 (1989). Accordingly, we remand to the Board for a determination of whether claimant's attorney's participation constituted "active litigation" and for appropriate further proceedings.

Affirmed on petition; reversed and remanded on cross-petition for further proceedings not inconsistent with this opinion.