Argued and submitted November 3, 1989, affirmed May 23, 1990

In the Matter of the Compensation of
Theresa L. Howard, Claimant.

# HOWARD,
*Petitioner,*

*v.*

# WILLAMETTE POULTRY et al,
*Respondents.*

(WCB Case Nos. 87-06763, 86-15767,
86-15861; CA A60173)

792 P2d 447

James L. Edmundson, Eugene, argued the cause for petitioner. On the brief were Christine Jensen and Malagon, Moore & Johnson, Eugene.

John L. Barlow, Corvallis, argued the cause for respondents Liberty Northwest Insurance Corporation and Willamette Poultry. With him on the brief was Fenner, Barnhisel, Willis & Barlow, Corvallis.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, filed the brief for respondent SAIF Corporation.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

**NEWMAN, J.**

Claimant petitions for review of the Workers' Compensation Board's order that denied her an insurer paid attorney fee for services before the Board. We affirm.

Employer hired claimant in March, 1984. At that time, SAIF was employer's insurer. In July, 1984, SAIF accepted claimant's claim for right forearm pain, which was diagnosed as tendonitis. In July, 1985, Liberty Northwest Insurance (Liberty) became the insurer. In 1986, claimant developed carpal tunnel syndrome and filed a claim, but SAIF and Liberty both denied responsibility. An order pursuant to ORS 656.307 designated SAIF as paying agent.

The referee set aside SAIF's denial, and SAIF appealed to the Board. The only issue was responsibility. The Board ruled that Liberty was responsible. Although claimant had filed a brief urging that Liberty was responsible, the Board did not award an insurer paid attorney fee for services before it.[1] On claimant's motion for reconsideration, the Board affirmed its denial of attorney fees.

■ Claimant argues[2] that she is entitled to fees from Liberty under ORS 656.386(1).[3] In *Shoulders v. SAIF,* 300 Or 606, 716 P2d 751 (1986), the court held that that section authorizes an award of insurer paid attorney fees if (1) the claimant initiates the review or appeal; (2) the appeal is from an order denying the claim; and (3) the claimant "finally prevails" on the issue of entitlement to compensation. *See*

---

[1] Claimant's temporary total disability benefits will be greater if Liberty is responsible.

[2] Claimant's two assignments of error assert that the Board's "finding" that she was not entitled to fees is not supported by substantial evidence. The issue, however, is one of statutory authority for fees, not substantial evidence.

[3] ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. In the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount shall be settled as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

*Short v. SAIF,* 305 Or 541, 545, 754 P2d 575 (1988). Here, those three conditions are not met.[4]

■ Claimant also asserts that she is entitled to attorney fees under ORS 656.382(2).[5] She argues that ORS 656.382(2) does not require that the insurer that initiated Board review be the insurer on whom the Board places responsibility for the fees. She argues that, even though SAIF initiated Board review, the Board may place the responsibility for payment of attorney fees on Liberty. We do not need to reach this question.

ORS 656.382(2) is inapplicable here, regardless of which insurer initiated the appeal to the Board. It authorizes attorney fees when, unlike here, claimant's right to compensation is at risk of disallowance or reduction. *See Anfora v. Liberty Communications,* 88 Or App 30, 744 P2d 265 (1987).[6] Here, the issue before the Board was responsibility, and claimant appeared only to argue that Liberty is the responsible insurer. Her right to compensation was never at risk and, therefore, ORS 656.382(2) does not provide a basis for an award of insurer paid attorney fees. *See Hunt v. Garrett Freightliners,* 92 Or App 40, 756 P2d 1275 (1988); *Wilson v.*

---

[4] In *SAIF v. Phipps,* 85 Or App 436, 737 P2d 131 (1987), we allowed attorney fees under ORS 656.386 for services before the Board. The issue was which insurer was responsible. The claimant took a position before the Board on responsibility that would have resulted in increased time loss benefits. *Phipps,* however, does not refer to *Shoulders v. SAIF, supra,* and predates *Short v. SAIF, supra,* 305 Or at 545, which makes it clear that whether a claimant is entitled to an award of attorney fees under ORS 656.386(1) does not depend on the amount of compensation that claimant may receive. *See also Petshow v. Farm Bureau Ins. Co.,* 76 Or App 563, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986).

[5] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

[6] In *Dilworth v. Weyerhaeuser Co.,* 95 Or App 85, 767 P2d 484, *rev den* 307 Or 658 (1989), and *SAIF v. Bates,* 94 Or App 666, 767 P2d 87 (1989), attorney fees before the Board were allowed when there was the risk of loss or reduction of compensation to the claimant and the claimant participated in order to avoid that risk.

*Geddes,* 90 Or App 64, 750 P2d 1182, *rev den* 306 Or 156 (1988).[7]

Affirmed.

.

---

[7] One of claimant's arguments is that she should be allowed an attorney fee by analogy to the authority in ORS 656.307(5). That provision, however, allows an award when a claimant is represented in an arbitration proceeding to determine responsibility issues. This proceeding was not an arbitration and there is no statutory basis for attorney fees.