Argued and submitted November 2, 1990, award of attorney fees vacated; otherwise affirmed January 23, 1991

In the Matter of the Compensation of
Masum J. Vijan, Claimant.

RAY SCHULTEN'S FORD
and EBI Companies,
*Petitioners,*

*v.*

Masum J. VIJAN,
Care Unit, Physicians & Surgeons Hospital
and GAB,
*Respondents.*

(87-12515, 88-03052; CA A63115)

804 P2d 1196

Craig A. Staples, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Daina Upite, Portland, argued the cause for respondent Masum J. Vijan. With her on the brief was Royce, Swanson & Thomas, Portland.

Marianne Bottini, Portland, argued the cause for

respondents Care Unit, Physicians & Surgeons Hospital and GAB. With her on the brief was Bottini & Bottini, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Ray Schulten's Ford (Schulten's) seeks review of an order of the Workers' Compensation Board holding that it, and not Care Unit, Physicians and Surgeons Hospital (Care Unit), is responsible for claimant's left ankle condition and awarding attorney fees to claimant for having succeeded in establishing that Schulten's is the responsible employer. We affirm on the question of responsibility and write only to address the question of attorney fees.

Claimant developed a compensable asthma condition while working for Schulten's. Subsequently, while working for Care Unit as a kitchen helper, he slipped and fell, injuring his left ankle. He filed a claim with Care Unit, which accepted it. He also pursued a claim against Schulten's, on the theory that the fall occurred when he temporarily lost consciousness while having an asthma attack. Schulten's denied responsibility for that claim.

Claimant sought a hearing. Pursuant to Schulten's request, Care Unit was joined in the hearing. The referee assigned responsibility to Schulten's, finding that claimant's fall was caused by the asthma condition, and ordered Schulten's to pay claimant's attorney fees. The Board affirmed and assessed an additional attorney fee under ORS 656.307(5). That section applies only to cases in which the director has designated a paying agent and has appointed a referee to arbitrate the dispute concerning responsibility. It has no application here. Neither does ORS 656.386(1),[1] which applies only when the claimant finally prevails on an appeal of a decision denying compensation. Here, Schulten's appealed the referee's decision *allowing* the claim.

---

[1] ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. In the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount shall be settled as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

The only possible authorization for an award of attorney fees is ORS 656.382(2):

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, *and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced,* the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis supplied.)

We have held that, in order to recover attorney fees under that section, the claimant must have prevailed in a proceeding in which he risked the loss of or reduction in compensation. *Howard v. Willamete Poultry,* 101 Or App 584, 792 P2d 447 (1990); *Dilworth v. Weyerhaeuser Co.,* 95 Or App 85, 91, 767 P2d 484, *rev den* 307 Or 658 (1989). Although claimant participated in the proceedings below with the objective of holding Schulten's responsible for the claim and succeeded in that objective, neither employer ever contested the compensability of the claim. The right to, or amount of, compensation was not the subject of the proceeding. Care Unit had accepted the claim, and claimant had been paid. There was no risk that he would lose his right to compensation or that his compensation would be reduced if the Board determined that Care Unit, and not Schulten's, was responsible. Even though claimant had a legitimate interest in establishing a causal relationship between his asthma and the fall, an adverse determination of that question did not involve any risk of loss of, or diminution in, compensation for the injury. Claimant is not entitled to insurer-paid attorney fees.

Award of attorney fees vacated; otherwise affirmed.