Argued and submitted January 13, affirmed April 26,
reconsideration granted; opinion, as modified,
adhered to (58 Or App 18, 643 P2d 1311) June 23, 1982

In the Matter of the Compensation of
Vida Hicks, Claimant.

HICKS,
*Petitioner,*

*v.*

FRED MEYER, INC. et al,
*Respondents.*

(No. 79-00920, CA A21996)

643 P2d 1311

Alice Goldstein, Portland, argued the cause for petitioner. With her on the brief was Welch, Bruun and Green, Portland.

Patric J. Doherty, Portland, argued the cause for respondents. With him on the brief were Dennis R. VavRosky, E. Kimbark MacColl, Jr., and Rankin, McMurry, VavRosky & Doherty, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Claimant appeals the order of the Workers' Compensation Board which affirmed and adopted the opinion and order of the referee. The order awarded claimant 10 percent unscheduled permanent partial disability and allowed employer to recover by setoff an overpayment of temporary disability benefits. Claimant contends that her claim was prematurely closed and should be reopened for further medical treatment and temporary total disability payment. She also contends that the award was insufficient and that employer is foreclosed from seeking recovery of the overpayment because the issue was not initially raised before the referee. We conclude that the referee was correct in determining that the claim was properly closed and in the amount of the award. We address only claimant's argument regarding the overpayment.

Claimant does not dispute the fact that there was an overpayment or the amount. She argues that employer waived its right to recoup the overpayment by failing to raise the issue at the commencement of the hearing before the referee. She relies on *Wilson v. SAIF*, 48 Or App 993, 618 P2d 473 (1980), where we stated:

> "The situation with which we are confronted is one in which there are competing policy considerations. On the one hand, there is a patent unfairness in permitting the claimant to retain over $2,800 to which he is not entitled. On the other hand, there is the desirability of maintaining an orderly compensation process, wherein not only amounts of awards but also any deductions to be made from those awards are established by an appropriate action by the Board or its representative, rather than by the unilateral decision of a workers' compensation carrier." 48 Or App at 997.

In *Wilson*, the carrier acted unilaterally by deducting the amount of overpayment from the compensation awarded by the determination order. We held this practice to be improper and concluded:

> "* * * A policy of requiring the carrier to raise a claim of offset as provided in ORS 656.268(3) will encourage the parties to litigate all of the issues at a single hearing, rather than creating new issues and a necessity for further hearings at a time after a final award of compensation has been determined. * * *" 48 Or App at 998.

In the present case employer did not raise the issue of overpayment until after the hearing was concluded and the referee had issued his opinion and order. Employer moved for reconsideration, and the referee issued an order on reconsideration permitting employer to deduct, pursuant to OAR 436-54-320, the amount of overpayment from the award. The referee recognized that *Wilson* requires a carrier to raise the issue at the hearing but declined to apply the rule, because *Wilson* was decided after the hearing in this case and "it would not be fair to penalize the carrier in this instance for not raising the offset issue at the time of the hearing." We do not accept the referee's reasoning; *Wilson* did not change the law but merely applied a previously-existing principle requiring resolution of all issues at an adjudicative hearing rather than by unilateral action.

However, we conclude that the referee's action was not improper. Although employer did not raise the issue at the hearing, neither did it act unilaterally. Employer brought the issue to the referee's attention; and had claimant contested the issue, the referee could have reopened the hearing. The procedure was not unfair to claimant, and the policy favoring an orderly compensation process was satisfied.

Affirmed.