Argued and submitted December 29, 1982, reversed and remanded March 22, 1983

In the Matter of the Compensation of
Robert W. Teel, Claimant.

TEEL,
*Petitioner on Review,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent on Review.*

(CA A23460, SC 29001)

660 P2d 155

David C. Force argued the cause for petitioner on review. On the petition was Christopher D. Moore, Eugene.

Ridgway Foley argued the cause for respondent on review. On the response to the petition for review were Mildred J. Carmack and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Lent, Chief Justice, and Linde, Peterson, Campbell, Roberts and Carson, Justices, and Jones, Justice pro tempore.

LENT, C. J.

### LENT, C. J.

Does an employer who challenges a Workers' Compensation Board's holding that a claim is compensable initiate an appeal within the meaning of ORS 656.382(2) where that challenge takes the form of a cross-appeal to an appeal by the claimant, requesting an award of attorney fees? ORS 656.382(2) provides:

"If a request for hearing, request for review or court appeal is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

We hold that the word "initiated" encompasses raising issues that would otherwise not be dealt with by the reviewing body, and thus an initiation may take the form of a cross-appeal. A claimant's successful appellate defense of an award by the Board challenged by an employer on cross-appeal warrants an award of attorney fees under ORS 656.382(2).

Claimant's claim for benefits for an injured back was denied by the employer. A Board referee held the claim to be compensable. The employer challenged the referee's determination before the Board and lost. In upholding the referee's determination, the Board inexplicably failed to award claimant attorney fees as required by ORS 656.382(2).

The claimant appealed to the Court of Appeals, asking only that it review the Board's denial of attorney fees. Before the Court of Appeals the employer conceded that the Board was required to award reasonable attorney fees to claimant for prevailing on the issue of compensability before the Board. The employer cross-appealed to the Court of Appeals, seeking to reverse the Board's approval of the referee's award of compensation. In the absence of the cross-appeal, there would have been no occasion for the Court of Appeals to review the factual issue of compensability. The Court of Appeals upheld the Board's

determination on that issue and remanded the case back to the Board for an award of reasonable attorney fees.

Claimant applied to the Court of Appeals for an award of reasonable attorney fees for his defense of the Board's award before the Court of Appeals. The Court of Appeals denied claimant's request and claimant petitioned this court for redress.

On court appeal, the compensation awarded to claimant was not disallowed or reduced. The issue is whether the employer "initiated" that appeal on the issue of compensability. We hold that the party responsible for bringing the issue before the court, here the cross-appellant, initiated the appeal within the meaning of ORS 656.382(2). In reaching this holding, we have looked to the history and purpose of that section. That history and purpose was recently examined by this court in *Bracke v. Baza'r*, 294 Or 483, 658 P2d 1158 (1983), and we shall not repeat that examination here. We there found that a purpose of the statute was to discourage harassing or wearing down a claimant. That codified purpose is served by awarding attorney fees on initiation of a cross-appeal as well as initiation of an appeal. The employer or insurer could wear down or harass his opponent through cross-appeal as well as through first appeal. Here, the cross-appeal forced claimant to defend his award and the Court of Appeals to review the entire record. ORS 656.298(6). Absent the cross-appeal the employer could not have challenged an attorney fee award by arguing that the factual issue of compensability was wrongly decided.

The Court of Appeals' order denying the application for attorney fees before that court is reversed, and the case is remanded to that court for an award of reasonable attorney fees.