Argued and submitted March 25, reversed and remanded
with instructions December 14, 1983, reconsideration denied March 2,
petition for review allowed May 1, 1984 (297 Or 82)
See 297 Or 628, 686 P2d 1027 (1984)

In the Matter of the Compensation
of Wilma Forney, Claimant.

## FORNEY,
*Petitioner,*

*v.*

## WESTERN STATES PLYWOOD,
*Respondent.*

(WCB No. 80-07538; CA A25760)

672 P2d 1376

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

J. P. Graff, Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant appeals a decision of the Workers' Compensation Board, which affirmed the referee and held that employer had acted within its authority in unilaterally recovering an overpayment of permanent partial disability by deducting the amount from payments of temporary total disability.

The parties have stipulated to the facts. Claimant was injured on January 21, 1974. A determination order was issued on July 20, 1976, awarding temporary total disability and 20 percent unscheduled permanent partial disability. Those awards were paid in full. On March 10, 1977, a second determination order was issued which set aside the first determination order on the basis of additional evidence. On November 27, 1978, a third determination order was issued awarding temporary total disability and again awarding 20 percent unscheduled disability. Again, both awards were paid in full. By stipulation of the parties on July 6, 1979, claimant was awarded an additional 15 percent unscheduled disability, which was paid in full.

In October, 1979, claimant filed an aggravation claim which, following a hearing, was ordered accepted on June 23, 1980. At some point, employer became aware that an overpayment had been made of 20 percent permanent partial disability, or $4,480. On July 10, 1980, employer notified claimant of that overpayment and that it intended to deduct the overpayment at the rate of 25 percent of the retroactive temporary total disability and 25 percent of the ongoing temporary total disability. At the time that the stipulated facts were filed, the entire overpayment had been recovered and claimant was receiving temporary total disability with no reduction.

The issue before this court is whether an employer may, without prior approval by the Evaluation Division, referee or Board, recover an overpayment by deducting it from current or future payments due. Employer relies on OAR 436-54-320:

> "Insurers and self-insured employers may recover overpayment of benefits paid to a worker on an accepted claim from benefits which are or may become payable on that claim. Payment of benefits paid prior to denial pursuant to ORS

656.262(5) or paid during appeal pursuant to ORS 656.313 shall not be recoverable under this section.

"(1)   Overpayments may be recovered by:

"(a)   reduction of continuing temporary disability benefits in an amount not to exceed 25 percent of the benefit without prior authorization from the worker or beneficiary;

"(b)   withholding reimbursement of related services to the worker; or

"(c)   adjustment in compensation benefits determined due pursuant to ORS 656.268, to include permanent partial disability, permanent total disability and fatal disability benefits. Recovery of overpayment from a permanent partial disability award may result in partial or total offset against the award. Recovery from a permanent total disability or fatal award shall be made as in (a) above.

"(2)   Recovery of overpayment by the insurer or self-insured employer shall be explained in written form to the worker, or to the dependent(s) of the worker if a fatality, and include:

"(a)   an explanation for the reason of overpayment;

"(b)   the amount of the overpayment; and

"(c)   the method of recovery of the overpayment.

"(3)   Overpayments may not be recovered by withholding payments to the providers of services or from reimbursable temporary disability paid during an approved vocational rehabilitation program."

Claimant apparently acknowledges that, if OAR 436-54-320 is authorized and valid, recovery of the overpayment in this case was proper. However, she argues that under our prior decisions OAR 436-54-320 is clearly inconsistent with the law.

The only specific statutory basis for any offset by an employer or carrier of prior overpayments against currently due payments is ORS 656.268(4):

"Within 10 working days after the Evaluation Division receives the medical and vocational reports relating to a disabling injury, the claim shall be examined and further compensation, including permanent disability award, if any, determined under the director's supervision. If necessary the Evaluation Division may require additional medical or other information with respect to the claim, and may postpone the determination for not more than 60 additional days. *Any*

*determination under this subsection may include necessary adjustments in compensation paid or payable prior to the determination, including disallowance of permanent disability payments prematurely made, crediting temporary disability payments against permanent disability awards* and payment of temporary disability payments which were payable but not paid. The Evaluation Division shall reconsider determinations made pursuant to this subsection whenever one of the parties makes request therefor and presents medical information regarding the claim that was not available at the time the original determination was made. However, any such request for reconsideration must be made prior to the time a request for hearing is made pursuant to ORS 656.283. The time from request for reconsideration until decision on reconsideration shall not be counted in any limitation on the time allowed for requesting a hearing pursuant to ORS 656.283." (Emphasis supplied.)

The offset is provided by that statute only for determinations "under this subsection," which deals exclusively with determinations "under the director's supervision" or by the Evaluation Division. ORS 656.268(6) provides that any interested party may request a hearing on a determination made under subsection (4). Thus, a referee and the Board have the authority to authorize offsets.

We do not interpret ORS 656.268(4) to provide the only circumstance in which an insurer or self-insured employer may obtain authorization to recover overpayments from future compensation. That statute relates only to proceedings leading to a determination order and permits an employer or an insurer to obtain authorization to recover overpayments in that proceeding. If, for example, an employer should discover an overpayment after a determination has become final, but while future compensation, subject to reduction, is owed, the employer may request a hearing pursuant to ORS 656.325(6), which provides:

"Any party may request a hearing on any dispute under this section pursuant to ORS 656.283."

ORS 656.283 provides, in part:

"(1)   Subject to ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim. * * *"

"* * * * *"

"(2)   A request for hearing may be made by any writing, signed by or on behalf of the party and including the address of the party, requesting the hearing, stating that a hearing is desired, and mailed to the board.

"(3)   The board shall refer the request for hearing to a referee for determination as expeditiously as possible."

We do not decide whether the right to recover an overpayment may be waived by the employer's unreasonable delay in raising the issue.

The Director, in enacting OAR 436-54-320, exceeded his authority by attempting to expand the precise language of ORS 656.268(4) and 656.325(6), to allow an offset by an employer or carrier without requiring it to go through the procedure specified by either statute. Insofar as OAR 436-54-320 permits or has been interpreted to permit an insurer or self-insured employer to reduce benefits without prior authorization from the Evaluation Division, it is invalid. This is consistent with our previous holdings in *Wilson v. SAIF,* 48 Or App 993, 618 P2d 473 (1980) and *Hicks v. Fred Meyer, Inc.,* 57 Or App 68, 643 P2d 1311, *modified* 58 Or App 18, 643 P2d 1311 (1982), in which we held that ORS 656.268(4) does not allow unilateral recovery of an overpayment by an employer or a carrier.[1]

Reversed and remanded for an order requiring employer to repay the amount deducted as an offset.

---

[1] Because of our disposition of this case, we do not need to discuss the additional arguments of petitioner.