Argued and submitted December 6, 1985, reversed and remanded for award
of attorney fees, otherwise affirmed April 23, Travis' reconsideration and Liberty
Mutual's reconsideration denied June 6, both petitions for review denied
July 29, 1986 (301 Or 445)

In the Matter of the Compensation of
Pauline L. Travis, Claimant.

# TRAVIS,
*Petitioner,*

*v.*

# LIBERTY MUTUAL INSURANCE et al,
*Respondents.*

(WCB 82-03177; CA A35209)

717 P2d 1269

James L. Edmunson, Eugene, argued the cause for peti-
tioner. With him on the brief were Malagon & Associates,
Eugene.

Allan M. Muir, Portland, argued the cause for respondents. With him on the brief were Delbert J. Brenneman and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee's determination of the extent of her disability and held that the insurer could recover an overpayment of temporary total disability. She also seeks attorney fees for prevailing before the Board on the insurer's cross-petition. On *de novo* review, we affirm the Board's decision concerning the extent of disability and the recovery of the overpayment and reverse as to attorney fees.

■ Claimant asked the Board to award permanent total disability or additional permanent partial disability; the insurer cross-petitioned, seeking a reduction in permanent partial disability. The Board affirmed the referee's order. It declined, however, to award attorney fees to claimant for prevailing on the cross-petition. We conclude that the insurer's cross-petition was a request for review "initiated by an employer or insurer," as provided by ORS 656.382(2),[1] and that claimant was entitled to attorney fees under that section.

Claimant seeks a reversal of the portion of the Board's order which allowed the insurer to offset overpayments of temporary total disability against future payments of permanent partial disability. Claimant's claim was initially closed by a determination order dated October 28, 1977, and reopened and reclosed by a determination order on September 25, 1980. That determination order awarded additional temporary total disability from March 14 to August 22, 1980. The insurer inadvertently paid temporary total disability for August 22 to September 25, 1980. Claimant filed a request for hearing on the September 25, 1980, determination order, which she later withdrew. In the meantime, the claim was reopened and reclosed by a determination order on November 27, 1981, which awarded temporary total disability from

---

[1] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

January 1 to October 23, 1981. A second overpayment resulted from the insurer's inadvertent payment of temporary total disability for October 23 to November 27, 1981. The insurer did not seek a hearing on either of the determination orders; however, at the hearing sought by claimant on the second determination order, it asked to recover the overpayments. The referee allowed the recovery of both overpayments, pursuant to OAR 436-54-320.

■ Neither the amount nor the existence of the overpayments is contested. Claimant only asserts that the insurer was not entitled to recover the 1980 overpayment, because, by the time of the hearing, the determination order of September 25, 1980, had become final and had not been challenged by the insurer. She contends that the right of an insurer to recover an overpayment is subject to the one year period for seeking a hearing on a determination order. ORS 656.268(6). We disagree.

The only section dealing specifically with the offset of overpayments of temporary total disability is ORS 656.268(4).[2] As we stated in *Forney v. Western States Plywood,* 66 Or App 155, 672 P2d 1376 (1983), that section describes pre-determination order offsets; it does not deal with the offset of overpayments discovered after a determination order has become final. In *Forney,* we implicitly decided that, in that circumstance, the insurer may still recover an overpayment by offsetting it against future compensation after obtaining the approval of a referee or the Board. That was done here. As claimant concedes, the insurer did not discover the overpayment until more than one year after the determination order was issued.[3] It was not restricted by ORS 656.268(4) to seeking an offset of the overpayment within the time allowed for seeking review of the determination order.

---

[2] ORS 656.268(4) provides, in part:

"Any determination under this subsection may include necessary adjustments in compensation paid or payable prior to the determination, including disallowance of permanent disability payments prematurely made, crediting temporary disability payments against permanent disability awards and payment of temporary disability payments which were payable but not paid."

[3] Although the suggestion is made, claimant does not actually contend that the insurer waived its right to collect the overpayment because it unreasonably delayed raising the issue. *See Forney v. Western States Plywood, supra,* 66 Or App at 160. Additionally, there has been no showing that the delay was unreasonable.

Reversed and remanded for an award of attorney fees; otherwise affirmed.