Argued and submitted June 2, award of attorney fees on Board review reversed on cross-petition; otherwise affirmed October 8, reconsideration denied November 21, petition for review denied December 30, 1986 (302 Or 461)

In the Matter of the Compensation of
Bradley D. Saiville, Claimant.

SAIVILLE,
*Petitioner - Cross-Respondent,*

*v.*

EBI COMPANIES et al,
*Respondents - Cross-Petitioners.*

(WCB 83-11737; CA A36422)

726 P2d 394

Mark R. Malco, Newport, argued the cause and filed the briefs for petitioner - cross-respondent.

Craig A. Staples, Portland, argued the cause for respondents - cross-petitioners. With him on the brief was Roberts, Reinisch & Klor, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Claimant sustained injuries on June 15, 1983, while working as a truck driver. He had been hired on June 10 on an "on call" basis to work irregular hours as needed and was paid at the rate of 20 cents per mile. He contends that he was also to receive $5 per hour for time spent waiting for his truck to be loaded.

The Workers' Compensation Board affirmed the referee's decision awarding compensation for temporary total disability (TTD) and penalties and attorney fees, because insurer unreasonably failed to pay TTD at the proper rate and unreasonably delayed paying compensation. The Board also awarded claimant attorney fees for services pertaining to Board review. In his petition for judicial review, claimant contends that the referee and the Board erred in determining his weekly earnings used to calculate his TTD rate and in failing to award the total amount of penalties and attorney fees that he had requested. Employer and insurer cross-petition, contending that the Board erred in finding that claimant was "regularly employed," and that insurer's conduct was unreasonable in failing to pay TTD at the proper rate, in delaying compensatory payments to claimant and in awarding attorney fees for Board review. On *de novo* review, we affirm the Board's order, except for the award of attorney fees for Board review.

Claimant claims error in the calculation of his TTD rate, because the referee and the Board failed to include earnings due him for an alleged round trip between Newport and Gold Beach and for hourly wages earned as waiting time in Astoria. Those two issues are purely factual, and we agree with the Board's findings. *See Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978).

■ Both claimant and insurer seek review of the award of penalties and attorney fees made pursuant to ORS 656.262(10).[1] Insurer contends that its conduct in failing to

---

[1] ORS 656.262(10) provides:

"(10) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

pay the proper TTD rate and in initially delaying payment of any compensation to claimant was reasonable. We reject that contention, because insurer failed to explain its conduct reasonably. Claimant asks us to award more than the 25 percent maximum penalty allowed by ORS 656.262(10). The wording of the statute is unambiguous, and we are not authorized to award penalties in excess of 25 percent of the amount due. Claimant also seeks review of the award of less than the amount requested for attorney fees pursuant to ORS 656.262(10) and 656.382(1).[2] Attorney fees are awarded on the basis of the efforts of the attorney, the results obtained and the degree of risk that the attorney's efforts will go entirely uncompensated. *Wattenbarger v. Boise Cascade Corp.,* 301 Or 12, 717 P2d 1175 (1986); OAR 438-47-010(2). No additional attorney fees are justified, and we therefore affirm the Board's order in that respect.

■ Insurer challenges the finding that claimant was "regularly employed" within the meaning of ORS 656.210(2).[3] Although claimant was employed on an "on call" basis, we conclude that, in the context of this case, the term means only that claimant did not work regular hours for an hourly wage. He had worked five of the six days between the date when he was hired and the date on which he was injured. We therefore hold that he was "regularly employed" within the meaning of ORS 656.210(2).

■ Finally, insurer seeks review of the Board's award of attorney fees "for services pertaining to the insurer's contentions on Board review." The relevant statutory provision is ORS 656.382(2),[4] under which a claimant is not entitled to

---

[2] ORS 656.382(1) provides, in pertinent part:

"(1) If an insurer or self-insured employer * * * unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee * * *."

[3] ORS 656.210(2) provides, in pertinent part:

"As used in this subsection, 'regularly employed' means actual employment or availability for such employment."

[4] ORS 656.382(2) provides, in pertinent part:

"(2) If a * * * request for review * * * is initiated by an employer or insurer, and the * * * board * * * finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the * * * board * * * for legal representation by an attorney for the claimant at and prior to the * * * review on appeal or cross-appeal."

attorney fees for Board review unless the employer or insurer initiates it. The Supreme Court has stated

> "that the word 'initiated' [in ORS 656.382(2)] encompasses raising issues that would otherwise not be dealt with by the reviewing body, and thus an initiation may take the form of a cross-appeal." *Teel v. Weyerhaeuser Co.,* 294 Or 588, 590, 660 P2d 155 (1983).

Claimant contends that insurer raised issues on its cross-appeal that required consideration beyond those raised by claimant. We do not agree. Claimant initiated Board review of TTD compensation and the assessment of penalties and attorney fees. Insurer's contentions were made in defense on the issues raised in claimant's request for Board review, and it in fact took no cross-appeal to the Board from the referee. Insurer initiated no issues not already raised by claimant. We therefore reverse the award.

Award of attorney fees on Board review reversed on cross-petition; otherwise affirmed.