Argued and submitted March 14, reversed; remanded for award of attorney fees
November 2, 1988

In the Matter of the Compensation of
Robert S. Littleton, Claimant.

LITTLETON,
*Petitioner,*

*v.*

WEYERHAEUSER CO.,
*Respondent.*

(WCB 85-04258; CA A45147)

763 P2d 742

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Allan M. Muir, Portland, argued the cause for respondent. With him on the brief were Roger A. Luedtke and Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's determination that certain medical services are not compensable, because they are not reasonable and necessary. Additionally, he seeks attorney fees for having prevailed before the Board on employer's cross-appeal concerning the compensability of certain other medical bills which the Board held were related to diagnostic procedures.

We review pursuant to ORS 656.298(6) and conclude that the Board's decision concerning the compensability of the medical services is supported by substantial evidence.

The remaining question is whether claimant is entitled to attorney fees for having prevailed on employer's cross-appeal to the Board. The present statutory provision is ORS 656.382(2):

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

Claimant contends that, as we have interpreted that provision in *Travis v. Liberty Mutual Ins.*, 79 Or App 126, 717 P2d 1269, *rev den* 301 Or 445 (1986), it requires that claimant be awarded attorney fees. In *Travis,* we held that a claimant can recover insurer-paid attorney fees under ORS 656.382(2) for prevailing on an employer's cross-appeal to the Board.

As employer notes, OAR 438-47-075 provides:

"In the event of a cross-appeal by either party [the administrative provisions relating to attorney fees] shall be applied as if no cross-appeal was taken, unless the party initiating the appeal withdraws his appeal and the cross-appellant proceeds; in which case the cross-appellant shall be considered the initiating party."

Read in the context of the other administrative rules, OAR

438-47-075 would appear to preclude an award of insurer-paid attorney fees to a claimant for having prevailed on an employer's cross-appeal to the Board or cross-petition to the the Court of Appeals, unless the cross-appeal or cross-petition is the only matter which proceeds to disposition by the Board or court. Only in that circumstance is the cross-appeal or cross-petition considered to have been "initiated" by the employer, as required by ORS 656.382(2). Claimant contends that the rule is inconsistent with our opinion in *Travis.* Although we agree that it is, the parties in *Travis* did not raise, and we did not address the application of, the administrative rule; therefore, that case is not dispositive.[1] The question, therefore, is not whether the rule is inconsistent with *Travis,* but whether it is inconsistent with the statute.

The rule was adopted in 1974. In *Teel v. Weyerhaeuser, supra,* n 1, decided in 1983, the Supreme Court held that the term "initiated" as used in an earlier version of ORS 656.382(2), encompassed "cross-appeals" to the Court of Appeals of issues that would otherwise not have been dealt with by that court, even though the statute at that time did not refer to "cross-appeals" to the Court of Appeals.[2] The court held that the party responsible for bringing an issue before the reviewing body, whether by appeal or cross-appeal, "initiates" the appeal within the meaning of the statute. Shortly after *Teel* was decided, the statute was amended to refer specifically to cross-appeals, consistent with *Teel.* Or Laws 1983, ch 568, § 1. Although *Teel* involved a cross-appeal to the Court of Appeals, the same reasoning applies to initiating review by the Board. In fact, we have read the present statute to encompass cross-appeals to the Board, although it is not clear that it expressly includes them. *Travis v. Liberty Mutual Ins., supra.*

We understand the legislature to have adopted the Supreme Court's rationale that the term "initiated," as used in the statute, encompasses the raising of issues that would

---

[1] The application of the administrative rule has not been raised or addressed in any case decided under ORS 656.382(2). *See Teel v. Weyerhaeuser Co.,* 294 Or 588, 660 P2d 155 (1983); *Saiville v. EBI Companies,* 81 Or App 469, 726 P2d 394, *rev den* 302 Or 461 (1986).

[2] The Supreme Court, the statute and OAR use the terms "appeal" and "cross-appeal" to describe what we generally refer to as a petition or cross-petition for review. In our discussion of *Teel,* we also use the statutory language.

not otherwise have been dealt with by the reviewing body, and we have applied that rationale, under the present statute, to cross-appeals at the Board level. *Travis v. Liberty Mutual Ins., supra.* The Board is not authorized to interpret the statute more narrowly; OAR 438-47-075 has been superseded by both the courts and the legislature. Here, employer raised an issue in its cross-appeal that the Board would not otherwise have considered. Claimant is entitled to attorney fees for having prevailed on that issue.

Reversed; remanded to the Board for an award of attorney fees.