751

Argued and submitted December 21, 1987, affirmed November 9, 1988

In the Matter of the Compensation of
Carl L. Bohrer, Claimant.

BOHRER,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 85-13672; CA A43588)

763 P2d 1207

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Allan M. Muir, Portland, argued the cause for respondent. With him on the brief were William H. Replogle, and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of a Workers' Compensation Board order awarding him 75 percent permanent partial disability. Claimant contends that he is permanently and totally disabled under the odd-lot doctrine. We affirm.

Claimant was 55 years old at the time of the hearing and has an eighth-grade education. Most of his work experience has involved manual labor, and he has worked for 24 years for employer, most recently as a sander. In 1984, he sustained a compensable low back injury. Dr. Hockey performed a laminectomy, which gave him only partial relief. In January, 1985, Orthopaedic Consultants evaluated claimant's condition and concluded that he could return to work if he avoided lifting and bending. In August, 1985, Hockey reported that claimant could sit, stand, and walk for a period of three to four hours and could lift and carry 36 to 50 pounds. After reviewing a video tape of claimant's position as a sanding operator, Hockey concluded that claimant could perform the job if he started on a part-time basis. He returned to work but soon reported to Hockey and his family doctor, Thompson, that he was suffering from increased pain. Although neither doctor noted any objective change in his condition, they concluded that he could not return to work at that time.

An evaluation of claimant by the Northwest Pain Center stated that he could perform sedentary work. Dr. Corrigan, of the Center, concurred that claimant was capable of performing the sanding operator position if he did not have to change belts, use wrenches, open gates, reach or stoop. He thought that claimant could perform the sander position part time at first and eventually, full time. Employer's personnel director stated that she was familiar with the sanding operator position, that it had been modified to primarily a button-pushing activity and that claimant had been offered the position. Shortly before the hearing, claimant tried to perform the job, but he was only able to work five hours, three hours and five hours on three successive days.

■ ■ Permanent and total disability exists when a disability renders a claimant unemployable. ORS 656.206. The proper inquiry is not whether the claimant has earning capacity, "but rather * * * whether the claimant is currently employable or able to sell his services on a regular basis in a

hypothetically normal labor market." *Harris v. SAIF,* 292 Or 683, 695, 642 P2d 1147 (1982). There is no medical evidence in the record that directly states that claimant is permanently and totally disabled. All of his doctors, as well as his vocational counselors, agree that he is capable of performing some work. At the time of the hearing, he had worked for three days in the modified sander position. Claimant has not shown that he is permanently and totally disabled.[1]

■ In the alternative, claimant contends that, if he is not permanently and totally disabled, his claim was prematurely closed. In order to show that his claim was prematurely closed, claimant must prove by a preponderance of the evidence that he was not medically stationary at the time of closure. *Austin v. SAIF,* 48 Or App 7, 615 P2d 1188 (1980). In August, 1985, Hockey wrote to employer, stating that claimant was medically stationary. Claimant argues, however, that an October, 1985 letter from Hockey shows that the August letter was misconstrued, and that he was, in fact, not stationary. We do not agree. There is nothing in the October letter that contradicted Hockey's earlier unequivocal statement that claimant was medically stationary.[2] Although the October letter noted that claimant should continue to receive time loss payments, it did not state that further improvement was to be expected.

■ Claimant also assigns as error the Board's denial of his request for attorney fees. The governing statute is ORS 656.382(2), which provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or

---

[1] Claimant moved to supplement the record with deposition testimony of Hockey, which was taken more than a year after the hearing in preparation for an aggravation claim. He also seeks to submit additional evidence of a psychological evaluation by Dr. Radman who did not begin treatment of claimant until July, 1987. The motion is denied. *See Compton v. Weyerhaeuser Co.,* 301 Or 641, 724 P2d 814 (1986).

[2] Claimant's post-operative medical examinations have noted that he has been depressed and has significant functional overlay. Claimant argues that his psychological condition was not stationary at the time of closure. However, he has never undergone psychiatric treatment, and the medical reports do not indicate that his condition would improve with treatment.

the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

In this case, claimant challenged his medically stationary date, arguing that it was later than the date established in the determination order. Employer did not file a cross-request for review, but argued orally at the hearing that claimant became medically stationary before the date in the order.[3] The referee found that the date in the determination order was proper and awarded claimant attorney fees. The Board reversed the referee on the attorney fees' issue, holding that, because the issue raised by the employer at the hearing was the same as that raised by claimant, he was not entitled to attorney fees.

ORS 656.382(2) provides that a claimant is entitled to attorney fees if a request for hearing or request for review is initiated by an employer or insurer. Here, claimant filed the request for hearing before the referee and the request for review before the Board. Employer filed neither a request for hearing nor review, nor any cross-request. Accordingly, under the terms of the statute, claimant is not entitled to attorney fees.[4]

The question remains whether an employer or insurer could be said to "initiate" a request for review in a situation when it argues an issue orally without formally filing a request, as in this case. In *Teel v. Weyerhaeuser Co.*, 294 Or 588, 660 P2d 155 (1983), the Supreme Court held that an issue that was raised by a procedure not specifically mentioned in ORS 656.382(2) would be deemed to "initiate" an issue for purposes of the statute. In that case, the employer had filed a

---

[3] The applicable statutes and administrative rules do not require the Board to limit its review to issues raised by the parties in their requests for review or cross-review. On *de novo* review, the Board may make such disposition of the case as it determines to be appropriate. *Neely v. SAIF*, 43 Or App 319, 602 P2d 1101 (1979), *rev den* 288 Or 493 (1980).

[4] This is in contrast to *Travis v. Liberty Mutual Ins.*, 79 Or App 126, 717 P2d 1269, *rev den* 301 Or 445 (1986), where the insurer filed a cross-appeal to the Board. We held that the cross-appeal constituted a cross-request to the Board under the terms of the statute and that, because the insurer lost before the Board, claimant was entitled to attorney fees.

cross-appeal to this court which, at that time, was not mentioned in the statute.[5] The court held that:

> "[T]he word 'initiated' encompasses raising issues that would otherwise not be dealt with by the reviewing body, and thus an initiation may take the form of a cross-appeal."

Assuming, without deciding, that an employer or insurer could "initiate" a request for review under the terms of the statute without formally filing a request or cross-request for review, employer did not do so here. The issue raised by claimant was when he became medically stationary. Employer's contentions were made in defense of the issue raised by claimant.

Affirmed.

---

[5] After the *Teel* decision, the statute was amended specifically to include cross-appeals.