Argued and submitted April 4, 1988, remanded for reconsideration on attorney fee claim; otherwise affirmed January 11, Kordon's reconsideration and Mercer's reconsideration denied March 24, Kordon's petition for review denied May 2, 1989 (307 Or 719) Mercer Industries' petition for review on attorney fees allowed May 2, 1989 (307 Or 719)

In the Matter of the Compensation of
Emil Kordon, Claimant.

KORDON,
*Petitioner,*

*v.*

MERCER INDUSTRIES et al,
*Respondents.*

(WCB 86-01089; CA A45185)

766 P2d 1050

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee's denial of permanent total disability. Claimant contends that he is permanently and totally disabled and that he was entitled to attorney fees incurred in prevailing on SAIF"s request for a reduction in his permanent partial disability award. We affirm the denial of permanent total disability but reverse the denial of attorney fees.

At a hearing initiated by claimant, the referee upheld SAIF"s denial of his claim for permanent total disability but awarded him 320 degrees for unscheduled permanent partial disability. ORS 656.214. Claimant requested review on the issue of permanent total disability. SAIF, in its responding brief to the Board, requested that the award of permanent partial disability be reduced. The Board affirmed the referee's order and denied claimant's subsequent motion for attorney fees under ORS 656.382(2).

Claimant first contends that the Board erred in denying his claim for permanent total disability. We affirm the Board's denial, because there is substantial evidence supporting its order. ORS 656.298(6); *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).

Claimant next contends that he was entitled to attorney fees under ORS 656.382(2):

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

He argues that SAIF initiated a request for review when it asked the Board to reduce his award for permanent partial disability. A "cross-request" for review by the Board is the equivalent of an initiation of a request for review. *Travis v. Liberty Mutual Ins.,* 79 Or App 126, 128, 717 P2d 1269, *rev den* 301 Or 445 (1986); *see also Bohrer v. Weyerhaeuser Company,*

93 Or App 751, 763 P2d 1207 (1988). The Board specifically treated SAIF's request for reduction as a cross-request for review, and claimant successfully defended against it. Consequently, under the terms of the statute, claimant is entitled to reasonable attorney fees.

The Board, however, denied his request for attorney fees on the basis of OAR 438-47-075.[1] We recently noted that that rule is inconsistent with the statute and is no longer applicable. *Littleton v. Weyerhaeuser Co.*, 93 Or App 659, 763 P2d 742 (1988). Accordingly, the Board erred in denying the claim for attorney fees.

Remanded for reconsideration of claimant's claim for attorney fees; otherwise affirmed.

---

[1] OAR 438-47-075 provides:

"In the event of a cross appeal by either party, 47-000 to 47-095 shall be applied as if no cross appeal was taken, unless the party initiating the appeal withdraws his appeal and the cross appellant proceeds; in which case the cross appellant shall be considered the initiating party."