Argued and submitted November 9, 1987, affirmed in part, reversed and remanded in part January 25, reconsideration denied March 24, petition for review denied April 18, 1989 (307 Or 658)

In the Matter of the Compensation of
William C. Dilworth, Claimant.

DILWORTH,
*Petitioner - Cross-Respondent,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent - Cross-Petitioner,*

*and*

EBI/ORION GROUP,
*Respondent - Cross Respondent.*

(WCB 85-05079; 85-11948;
CA A41591 (Control))

In the Matter of the Compensation of
William C. Dilworth, Claimant.

WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

DILWORTH et al,
*Respondents.*

(WCB 85-0050M; CA A41737)
(Cases Consolidated)

767 P2d 484

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. On the brief were Karen M. Werner and Malagon & Moore, Eugene.

Allan M. Muir, Portland, argued the cause for respondent - cross-petitioner. With him on the brief were Roger A. Luedtke and Schwabe, Williamson & Wyatt, Portland.

Jerald P. Keene, Portland, argued the cause for respondent - cross-respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee and held that Weyerhaeuser Company (Weyerhaeuser), and not EBI/Orion Group (EBI), is responsible for claimant's low back and disabling psychological condition and that claimant is not entitled to attorney fees for services before the Board. Weyerhaeuser cross-petitions, asserting, as does claimant, that the Board erred in holding it, not EBI, responsible for claimant's psychological condition after January 8, 1985.[1] We review *de novo*.

Claimant suffered a compensable low back injury in 1972, while working for Weyerhaeuser. After the injury, he had severe emotional difficulties. In May, 1984, a referee found that the 1972 injury materially contributed to claimant's psychological condition and held Weyerhaeuser responsible. Weyerhaeuser did not appeal the referee's finding and does not now assert that it is not responsible for claimant's psychological condition before the events of January 8, 1985, or his back condition.

In August, 1984, claimant began to work at EBI as a vocational consultant. He told his psychiatrist that he felt unqualified and apprehensive about the position. Because of the driving required by the position, he experienced increased back pain and lost some time from work. He also found the job extremely stressful. On January 8, 1985, he received a telephone call from a client in which the client either threatened to kill claimant or claimant reasonably perceived the caller to threaten that. During the call, he went blank. The next thing he remembers is that he was going down the back stairs of the building and was terribly frightened. He has not worked since.

Claimant sought payments for medical treatment and temporary disability benefits from both Weyerhaeuser and EBI. On February 1, 1985, Weyerhaeuser refused to reopen the 1972 claim on the ground that claimant's aggravation rights had expired. On April 5, 1985, EBI denied the claim "in its entirety" on the ground that claimant's employment

---

[1] Weyerhaeuser petitioned for judicial review of the Board's own motion order. We consolidated the reviews, and Weyerhaeuser makes no separate argument relating to the Board's own motion order. Accordingly, we do not separately address the petition for review of that order.

with EBI had not caused his back condition or psychiatric disabilities but that both conditions predated his employment with it. On June 3, 1985, Weyerhaeuser denied responsibility for claimant's "current psychiatric condition" on the ground that EBI was responsible for "a new injurious exposure." The denial recited that "[t]he giving of these reasons for the denial do[es] not preclude there being other reasons for denial." The Workers' Compensation Department denied claimant's request for an order under ORS 656.307, partly on the ground that it "read EBI's denial as one of compensability, not responsibility."

Claimant requested a hearing on Weyerhaeuser's June 3, 1985, denial and on EBI's April 5, 1985, denial. The referee found that claimant was unable to handle the stress associated with his job at EBI because of his preexisting compensable condition, that the threatening phone call was the culminating event but was not a causative factor in claimant's worsening and inability to work and that claimant's employment at EBI did not contribute independently to his psychological condition or cause a permanent worsening of the underlying condition, but was merely the scene where the ongoing preexisting psychological condition manifested itself. He affirmed EBI's denial. Because claimant's aggravation rights had expired, he recommended that the Board exercise its own motion jurisdiction and order Weyerhaeuser to provide TTD and PPD benefits because of the exacerbation of the 1972 injury. *See* ORS 656.278. He also set aside Weyerhaeuser's denial of June 3, 1985.

Claimant requested, and Weyerhaeuser cross-requested, review of the referee's order. Weyerhaeuser's cross-request stated that the issues for Board determination were

"1. Compensability of medical services for a low back and psychiatric condition;

"2. Claimant's entitlement to attorney fees."

Claimant did *not* argue that his aggravation rights had not expired. Both claimant and Weyerhaeuser, in their briefs before the Board, urged that EBI's denial be set aside. Weyerhaeuser also urged that the Board reinstate its denial of June 3, 1985.

The Board adopted the referee's findings of fact and

affirmed the order of the referee. It also stated that the issue is responsibility. It ruled that claimant's worsening was an aggravation of the 1972 injury, for which Weyerhaeuser is responsible. The Board also ruled that claimant was not entitled to an employer paid attorney fee at the Board level. It stated, in part, that, although Weyerhaeuser cross-requested review, "its goal on review was exactly the same as claimant's—to have EBI's denial set aside." The Board noted that claimant had requested claim reopening by the Board under the provisions of ORS 656.278 if Weyerhaeuser were found to be responsible for claimant's condition. On its own motion, the Board ordered Weyerhaeuser to reopen the 1972 claim, effective January 8, 1985, and to pay claimant temporary total disability until closure.

In his petition, claimant assigns as error that the Board upheld EBI's denial of responsibility for the back and psychological conditions. In its cross-petition, Weyerhaeuser assigns as error that the Board held it responsible for claimant's psychological condition after January 8, 1985. Weyerhaeuser does not argue that his psychological condition is unrelated to the pre-existing psychiatric condition for which it is responsible or that claimant had not experienced a worsening of that condition that left him less able to work. It argues, however, that the employment at EBI independently contributed to that condition. Both claimant and Weyerhaeuser assert that the psychiatric condition, previously diagnosed as a moderate depression, had become a major depression as a result of his employment at EBI.

■ We agree with the Board, for the reasons that it gave, that the work at EBI did not independently contribute to claimant's back and psychological conditions and that Weyerhaeuser is responsible for those conditions, both before and after January 8, 1985. We affirm the Board's order.

■ Claimant asserts, relying on *Travis v. Liberty Mutual Ins.*, 79 Or App 126, 717 P2d 1269, *rev den* 301 Or 445 (1986), that, because Weyerhaeuser initiated a cross-request for review and the Board did not disallow or reduce claimant's award, he is entitled to insurer-paid attorney fees for services

at the Board level. ORS 656.382(2).[2] Weyerhaeuser first responds that OAR 438-47-075 precludes an award of attorney fees to claimant. We have held to the contrary. *Kordon v. Mercer Industries,* 94 Or App 582, 766 P2d 1050 (1989); *Littleton v. Weyerhaeuser,* 93 Or App 659, 763 P2d 742 (1988). It also asserts that it did not "initiate" a request for review, *citing Saiville v. EBI Companies,* 81 Or App 469, 473, 726 P2d 394, *rev den* 302 Or 461 (1986), because its cross-request to the Board did not raise any issues that claimant did not raise before the Board. Weyerhaeuser, however, did file a cross-request and that constitutes initiation of a request for review under ORS 656.382(2). *Kordon v. Mercer Industries, supra.*

Weyerhaeuser also argues that claimant is not entitled to attorney fees before the Board, asserting that the only issue before the Board was responsibility. *See Petshow v. Farm Bureau Ins. Co.,* 76 Or App 563, 569, 710 P2d 781 (1985), *rev den* 300 Or 722 (1986). Claimant took the position that EBI was responsible on the ground that he had suffered a new injury, actively litigated that point and filed a brief before the Board. He had a stake in the outcome of that determination. If EBI was responsible, claimant's TTD would be increased. If EBI was not responsible, and if the Board did not exercise own motion jurisdiction and reopen the 1972 claim, claimant's claim for his psychological condition after January 8, 1985, other than for medical benefits under ORS 656.245, might not be compensated.

When claimant participated before the Board, he did not know whether it would exercise own motion jurisdiction. Moreover, when he filed his brief before the Board, claimant knew that, on June 3, 1985, Weyerhaeuser had denied his claim for medical benefits, had not limited its denial to the issue of responsibility and had stated in its cross-request for Board review that one of the issues was "compensability" of

---

[2] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

medical services. Accordingly, his attorney justifiably and actively participated in the proceeding before the Board. *See SAIF v. Phipps,* 85 Or App 436, 737 P2d 131 (1987); *Petshow v. Farm Bureau Ins. Co., supra,* 76 Or App at 569.

Weyerhaeuser is responsible for attorney fees. Contrary to the Board's interpretation, Weyerhaeuser's goal before the Board was not exactly the same as claimant's. Weyerhaeuser wanted the Board to reinstate its denial of June 3, 1985, a request which claimant did not make and which was contrary to his position throughout. Furthermore, review of the referee's order, which claimant and Weyerhaeuser both requested, included review of the referee's ruling upholding EBI's compensability denial. As noted, Weyerhaeuser's cross-request also stated that one of the issues was compensability for medical services. Accordingly, its cross-request, together with its request for reinstatement of its total denial of June 3, 1985, placed claimant at risk and justified his active participation before the Board. *See SAIF v. Bates,* 94 Or App 666, 767 P2d 87 (1989).[3]

In Case Nos. 85-05079 and 85-11948: on the petition, reversed as to attorney fees and remanded for award of attorney fees to claimant for services before the Board; otherwise affirmed on the petition and on the cross-petition. In Case No. 85-0050M, affirmed on the petition.

---

[3] Weyerhaeuser does not argue in its brief that its cross-request was not the cause of claimant's active participation before the Board.