Argued and submitted June 13, the decision of the Court of Appeals affirmed and the decision of the Workers' Compensation Board reversed and remanded to the Board to determine attorney fees August 29, 1989

In the Matter of the Compensation of
Emil Kordon, Claimant.

KORDON,
*Respondent on Review,*

*v.*

MERCER INDUSTRIES et al,
*Petitioners on Review.*

(WCB 86-01089; CA A45185; SC S36033)

778 P2d 958

John A. Reuling, Assistant Attorney General, Salem,

argued the cause for petitioners on review. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

James L. Edmunson, Eugene, argued the cause for respondent on review. With him on the brief were Karen Werner, Eugene, and Malagon and Moore, Eugene.

FADELEY, J.

## FADELEY, J.

This is a workers' compensation case concerning attorney fees.

ORS 656.382(2) provides:

"If a * * *, request for review, * * * is initiated by an * * * insurer, and the * * *, board * * * finds that the compensation awarded to a claimant should not be * * * reduced, the * * * insurer shall be required to pay the claimant * * * a reasonable attorney fee in an amount set by the * * * board * * *."

The issue in this case is whether the statute requires the Workers' Compensation Board to award attorney fees to a claimant who successfully defends against an insurer's response to a request for review seeking a reduction in the amount of the referee's disability award.

In 1981, Claimant Kordon suffered a back injury while employed as an iron worker at Mercer Industries and filed a claim for permanent total disability. Kordon was awarded compensation for disability of 45 percent, equal to 144 degrees, for unscheduled permanent partial disability. After a hearing, a referee increased the award to 100 per cent unscheduled permanent partial disability equal to 320 degrees.

Claimant sought board review requesting permanent total disability. SAIF responded, "The referee's award of 100% unscheduled disability should be reduced." SAIF's response was entitled by it a "Cross-Appellant's Brief." The board affirmed the referee but denied claimant's request for attorney fees. Upon review, the Court of Appeals reversed the denial of attorney fees and remanded to the board to award fees. *Kordon v. Mercer Industries,* 94 Or App 582, 766 P2d 1050 (1989). We allowed review solely on the attorney fee issue. Both parties rely on ORS 656.382(2). We affirm.

After claimant sought board review, SAIF submitted a document entitled "Respondent's Brief/Cross-Appellant's Brief," which separately numbered and stated two "Issues." Regarding one issue, "Extent of Disability," SAIF affirmatively requested that the 320 degrees awarded by the referee "be reduced," specifically suggested a 100 degree reduction equal to $10,000, and argued:

"That portion of claimant's disability which is caused by

degenerative disc disease cannot be used to rate claimant's unscheduled disability because it is unrelated to the compensable back strain. Claimant's unscheduled disability award should be reduced to reflect that portion of claimant's disability caused by his failure to cooperate in his vocational rehabilitation."

In order to retain his 320 degree award equal to $32,000, claimant had to defend against these arguments before the board.

SAIF makes two arguments as to the proper characterization of its efforts to reduce the referee's compensation award. First, SAIF argues that "[t]here was no cross-request for review."[1] Second, SAIF argues that, if there was a cross-request for review to the board, ORS 656.382(2) does not authorize an award of attorney fees in the cross-request context.

In view of SAIF's specific request for a $10,000 reduction in the referee's award, it is difficult to credit SAIF's position that there was no cross-request for review. ORS 656.295(5) and board rules require a party to state in writing the issues and arguments the party asks the board to consider on review.[2] Apparently SAIF asks us to infer that it made no "request." Yet SAIF stated in writing both the reduction it requested and the arguments it urged for that result.

It would be semantic gamesmanship to argue that the issue tendered by SAIF's request to reduce compensation was the same as the issue claimant raised by requesting an increase in compensation. Although both issues generally concern the extent of compensation, the semantic game is foreclosed, in any event, by a portion of the analysis and holding in *Teel v. Weyerhaeuser Co.,* 294 Or 588, 591, 660 P2d 155 (1983).

---

[1] The board's order denominates SAIF's request as "SAIF Corporation cross-requests review" and "employer's cross-appeal." At that time, OAR 438-11-015(3) required that "[a]ny party who has filed a cross-request for review * * * include its cross-appellant's opening statement as a part of its respondent's brief." SAIF did that.

[2] ORS 656.295(5) provides in part:

"The review by the board shall be based upon the record submitted to it * * * and such oral and written argument as it may receive. * * *"

At the time SAIF's brief was filed with the board, OAR 438-11-010, titled "*SCOPE OF BOARD REVIEW,*" provided in part:

"The Board will not ordinarily entertain oral argument. All issues and arguments should be reduced to writing * * *."

In that case we stated that the employer's cross-appeal to the Court of Appeals "forced claimant to defend his award," as a factual issue. 294 Or at 591. Also, we held that the employer's request for a reduced benefit "[raised] issues that would otherwise not be dealt with by the reviewing body." 294 Or at 590. Despite the employer's request, the Court of Appeals did not reduce claimant's award and this court held that the employer was deemed to have "initiated" an appeal on the compensability issue and was subject to an award of attorney fees under ORS 656.382(2).

Assuming, *arguendo,* that SAIF's request were not formally a cross-request, SAIF'S cross-appeal brief constitutes a request for review initiated by SAIF seeking reduced compensation. Attorney fees are due under the express words of ORS 656.382(2), which obligate the board to award such fees where an insurer initiates a request for a reduction in compensation but is unsuccessful.

■ SAIF's second argument — that a "cross-request" for review was intentionally omitted from ORS 656.382(2)'s mandate for reasonable attorney fees — lacks any supporting authority. It is true that the Workers' Compensation statutes do not employ the terminology of cross-request. ORS 656.295, ORS 656.313, and ORS 656.382 uniformly describe a request that the board change an award as a "request for review." No statutory distinction is made based on whether the request is brought by a claimant, an employer, or an insurer or whether or not it is the opening request to the reviewing authority or a request in a response of the opposing party. An employer or insurer, when responding to a claimant's "request for review," is permitted to seek other changes in the applicable order, but the statutes do not denominate any party's challenge to the referee's order by any name other than a request for review. *See* ORS 656.295. However, the words "cross-request" are found in the board's orders in this case. The term is also used by the board in an Oregon Administrative Rule, quoted in n 1 above, but is not used there in any context which supports SAIF's argument. We agree with the board that SAIF made a request and that denominating it a cross-request is a reasonable description of its functional purpose. A cross-request for review was made by the request for reduction in compensation which SAIF placed before the board.

SAIF argues that the legislature intended that no attorney fees be awarded on cross-requests for review because the 1983 legislature amended ORS 656.382(2) to add the provision that attorney fees were awardable on "cross-appeal to the Court of Appeals or petition for review to the Supreme Court" but did not include a provision to allow attorney fees for "cross-requests." From that omission, SAIF argues, this court should infer a legislative intent to exclude fees in the cross-request context. When *Teel* was decided, ORS 656.832(2) provided for awards of attorney fees on "court appeal" but did not include the words "cross-appeal." *Teel* held that attorney fees must be awarded on a cross-appeal in the Court of Appeals under ORS 656.382(2) where that statute otherwise applied. One month before *Teel,* this court held in *Bracke v. Baza'r,* 294 Or 483, 490, 658 P2d 1158 (1983), that attorney fees were not allowable in the Supreme Court because the former version of ORS 656.382(2) did not expressly refer to petitions for review to the Supreme Court.

After *Bracke* and *Teel* were decided, the legislature amended ORS 656.382(2) to include "cross-appeal[s] to the Court of Appeals" and "petition[s] for review to the Supreme Court." Or Laws 1983, ch 568, § 1. The pre-existing statute, which provided for award of fees "[i]f a * * * request for review * * * is initiated by an employer or insurer" and is successfully defended against, was unchanged by the 1983 act.

The legislative history of the 1983 amendment includes no discussion of cross-requests for board review. We find SAIF's intention-by-omission argument unpersuasive. The legislature fixed what it believed was in need of repair, not what wasn't.[3] We conclude that "cross-request for review" is

---

[3] The 1983 amendments to ORS 656.382(2) were made by Senate Bill 589, introduced March 9, 1983. *Bracke v. Baza'r,* 294 Or 483, 490, 658 P2d 1158 (1983), was decided in February 1983. *Teel v. Weyerhaeuser Co.,* 294 Or 588, 591, 660 P2d 155 (1983), reversing the Court of Appeals and allowing attorney fees on a cross-appeal, was decided later in March after Senate Bill 589 was introduced but before it was passed out of committee. Changes in the statute made by the bill added attorney fees in the context of cross-appeals in the Court of Appeals, consistent with *Teel,* and in the context of petitions for review in the Supreme Court, contrary to *Bracke.* A staff memorandum states that the bill was amended to "codify" the most recent ruling of the Oregon Supreme Court in the *Teel* case. The memorandum also states "[t]he original bill corrected only the situation in the *Bracke* case." Minutes, House Committee on Labor (June 29, 1983 — "Exhibit I"). No issue about requests versus cross-requests was placed before the legislature.

encompassed by the words "request for review" in ORS 656.382(2). That statute requires SAIF to pay claimant a reasonable attorney fee in an amount to be determined by the board.[4]

The decision of the Court of Appeals is affirmed, and the case is remanded to the Workers' Compensation Board to determine attorney fees.

---

[4] OAR 438-15-070, titled *"ATTORNEY FEES WHEN INSURER OR SELF-INSURED EMPLOYER REQUESTS OR CROSS-REQUESTS REVIEW BY THE BOARD,"* provides:

> "If an insurer or self-insured employer requests or cross-requests review of the referee's order and the Board does not disallow or reduce the claimant's compensation, the board shall award a reasonable assessed fee."

This rule, which is consistent with our reading of ORS 656.382(2), became effective January 1, 1989. The present case was pending before the board in 1987.