In the Matter of the Compensation of
Jimmy R. Harris, Claimant.

Jimmy R. HARRIS,
*Petitioner,*

*v.*

IRELAND TRUCKING
and SAIF Corporation,
*Respondents.*

(90-07799; CA A70364)

839 P2d 759

Donald M. Hooton, Eugene, argued the cause for petitioner. With him on the brief was Malagon, Moore & Johnson, Eugene.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board that SAIF is entitled to an offset of $5,517.87 against his future benefits. *Former* ORS 656.268(10)[1] (*since amended and renumbered by* Or Laws 1990, ch 2, § 16). We affirm.

Claimant was injured in July, 1980. SAIF accepted the claim and began paying him $320 weekly in temporary total disability benefits. In 1986, he requested benefits based on a higher wage rate. On March 14, 1986, the Board ordered SAIF to pay $351.20 weekly and to pay a lump sum based on that rate to cover underpayments from November 3, 1983, to the date of the order. SAIF paid claimant $8,020.98, which included $5,517.87 for the period *before* November 3, 1983. On April 27, 1989, a determination order issued, awarding claimant permanent total disability and awarding SAIF an offset of other previously paid benefits against future benefits.[2] SAIF discovered that it had overpaid claimant for the period before November 3, 1983. It began offsetting payments to recoup that amount. Claimant requested a hearing. The referee awarded SAIF an offset, and the Board affirmed.

On review, claimant disputes for the first time whether he was overpaid. However, he stipulated at the hearing that he was. He also asserts that the Board had no jurisdiction to authorize the offset, because SAIF never appealed the determination order and claim preclusion bars it from asserting an offset.

---

[1] *Former* ORS 656.268(10) provided:

"Any determination or notice of closure made under subsection (3), (4) or (5) of this section may include necessary adjustments in compensation paid or payable prior to the determination or notice of closure, including disallowance of permanent disability payments prematurely made, crediting temporary disability payments against permanent disability awards and payment of temporary disability payments which were payable but not paid."

[2] The 1989 determination order provides, in part:

"The Department orders the insurer to pay you permanent total disability benefits beginning Feb. 21, 1989. You should have received additional payments for temporary total disability from Jun [sic] 20, 1983 through Feb 20, 1989. Any temporary disability benefits paid after that date may be deducted from permanent total disability benefits. The insurer may stop paying any permanent partial disability benefits now. Any payment for permanent partial disability made after Feb 20, 1989 may be recovered by the insurer from your permanent total disability benefits * * *."

In *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990), the worker was injured and a determination order had issued that awarded him disability benefits based on an incorrect wage rate. He did not know that the rate was incorrect. Later, he claimed an aggravation of the injury, which the employer denied. A second determination order reopened the claim. 310 Or at 145 n 10. Before the hearing, the worker discovered that the rate was too low. He added the issue of the amount of past benefits to the request for hearing. The Board concluded that any litigation about the rate was barred by claim preclusion. The Supreme Court reversed. It held that, because the worker's aggravation claim had not been closed and the time to appeal that claim had not elapsed, he could challenge the wage rate that would apply to that claim. 310 Or at 150. The court also held that claim preclusion barred the worker from asserting that the amounts he received *before* the first determination order were incorrect:

> "[T]he original claim was closed and final in 1981. Correction of TTD amounts paid before that closure is barred by claim preclusion even though the subject was not litigated. The administrative proceeding related to the original 1981 claim for compensation is final in all respects which are not inconsistent with the statutory scheme authorizing additional claims when and if the effects of an injury worsen in the future." 310 Or at 150 n 13.

However, that holding does not decide this case. In *Drews*, the court also held that claim preclusion is subject to an exception called "splitting":

> "A final determination is not conclusive when, by provision of a statute or valid rule of the body making the final determination, that determination does not bar another action or proceeding on the same transactional claim." 310 Or at 141.

SAIF relies on OAR 436-60-170 as authority for the offset, even though it failed to litigate the issue before the April 27, 1989, determination order. OAR 436-60-170 provides, in part:

> "(1) Insurers may recover overpayment of benefits paid to a worker only as specified in ORS 656.268(10), unless authority is granted by a referee or the Workers' Compensation Board."

Claimant does not argue that OAR 436-60-170 is invalid. *See Forney v. Western States Plywood*, 66 Or App 155, 158, 672 P2d 1376 (1983), *aff'd on other grounds* 297 Or 628, 686 P2d 1027 (1984). We conclude that OAR 436-60-170 authorizes the Board to grant the offset.

Affirmed.